**JONES DAY**

250 VESEY STREET • NEW YORK, NEW YORK 10281.1047

TELEPHONE: +1.212.326.3939 • FACSIMILE: +1.212.755.7306

Direct Number: (212) 326-8338
mwlampe@jonesday.com

January 18, 2019

<u>VIA ECF</u>

Hon. Deborah A. Batts, U.S.D.J.
Daniel Patrick Moynihan Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re: <u>*Rusis et al v. International Business Machines Corp.*</u>, No. 1:18-cv-08434 (S.D.N.Y.)

Dear Judge Batts:

      We write on behalf of Defendant International Business Machines ("IBM") in the above-referenced matter. Pursuant to Rule II.B.1 of Your Honor's Individual Practices, IBM respectfully requests a pre-motion conference regarding IBM's planned motion to strike Plaintiffs' Motion for Issuance of Notice (Dkt. 20-21) filed January 17, 2019 via ECF (the "Motion"). Alternatively, IBM requests the Court to order Plaintiffs to withdraw the Motion and follow the requirements under Your Honor's Individual Practices with respect to requesting a pre-motion conference.

      Plaintiffs' Motion is premature under Your Honor's Individual Practices. With limited exceptions not applicable to Plaintiffs' Motion, Rule II.B.1 of the Individual Practices requires a pre-motion conference before a party may make a motion. Additionally, to arrange such a conference, a moving party must first submit a letter "setting forth the basis for the anticipated motion," as to which the non-moving party has an opportunity to respond. Plaintiffs' have not met their obligations with respect to this rule.

      In a letter submitted by Plaintiffs today, Plaintiffs offer that "if … the rule regarding pre-motion conferences applies to this motion, Plaintiffs will withdraw the motion and follow the Court's instructions." (Dkt. 22 at 2.) Plaintiffs also explain, however, that they filed the Motion without requesting a conference because they believe that Your Honor's Individual Practices are "not entirely clear" as to whether the rule requiring pre-motion conferences applies to "motions submitted prior to the time that a defendant has responded to the initial complaint." (*Id.* at 1.) Plaintiffs offer no explanation as to why they believe the rule lacks clarity. IBM respectfully submits that the rule is perfectly clear: it broadly requires pre-motion conferences, subject to specific exceptions that do not apply here.

ALKHOBAR • AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DETROIT • DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID • MELBOURNE
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MOSCOW • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • RIYADH
SAN DIEGO • SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

Hon. Deborah A. Batts
January 18, 2019
Page 2

    Alternatively, Plaintiffs suggest that it was appropriate to file the Motion without first requesting a conference because it might be exempt from the rule as a motion for emergency relief or a preliminary injunction.  (*Id.* at 2.)  As to the exception for emergency relief, Plaintiffs admit that their motion "is not an emergency per se."  As to Plaintiff's claim that their motion is "seeking an injunction in effect," Plaintiffs mischaracterize the Motion.  The Motion is what is commonly referred to in this District as a motion for conditional certification.  It is the first step in a two-step method that Courts in this district typically apply in determining whether a case should move forward as a "collective action" under 29 U.S.C. § 216(b).  *Myers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010).  It is certainly not a motion for preliminary injunctive relief under Rule II.B.1 of the Individual Practices.

    Accordingly, IBM respectfully requests the Court to schedule a pre-motion conference to address IBM's motion to strike or, in the alternative (and as Plaintiffs acknowledge would be appropriate should the Court determine that the pre-motion conference requirement applies), to order Plaintiffs to withdraw their premature Motion and follow the process required by the Individual Practices.

Respectfully submitted,

*/s/ Matthew W. Lampe*

Matthew W. Lampe

cc:    All counsel of record (via ECF)