UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDVIN RUSIS, HENRY GERRITS, PHIL MCGONEGAL, and DAVID HO ENG, individually and on behalf of all other similarly situated individuals,<br><br>        Plaintiffs,<br>  v.<br><br>INTERNATIONAL BUSINESS MACHINES CORP.<br><br>        Defendant. | 1:18-cv-08434 (DAB) |

**ANSWER TO FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT**

      Defendant International Business Machines Corporation ("IBM"), by and through its undersigned counsel, hereby answers the First Amended Class and Collective Action Complaint (the "Complaint") of Plaintiffs Edvin Rusis, Henry Gerrits, Phil McGonegal, and David Ho Eng (collectively "Plaintiffs") as follows:

      1.      In response to the first sentence of Paragraph one, IBM admits that Plaintiffs purport to bring this case as a class and collective action under the Age Discrimination in Employment Act, as amended ("ADEA"), 29 U.S.C. § 621 et seq. and various state laws.  IBM denies the remaining allegations in Paragraph 1 of the Complaint and specifically denies Plaintiffs' claims of age discrimination.  Plaintiffs and putative class members are not similarly situated and left IBM under a wide variety of circumstances unrelated to age.  IBM is made up of multiple business groups, each of which has a number of business units that offer different products and services and operate in different markets.  Each business unit is impacted by unique market forces associated with the products and services offered.  To effectively compete in

1

rapidly changing marketplaces, restructuring and hiring decisions are made by different business leaders and managers throughout the various business units.  This ensures availability of high performing employees with the right skills to address rapidly evolving marketplace and client needs.  The Plaintiffs and putative class members worked across different business units and functions within IBM, over widely different time periods, and decisions affecting their employment were driven by different and independent business reasons wholly unrelated to age and implemented by management teams separate from each other.

2. IBM admits that Plaintiffs purport to represent a class of individuals as set forth in Paragraph 2 of the Complaint, but denies that this case can be properly maintained as a collective action, denies that Plaintiffs are appropriate representatives of other individuals, and denies that Plaintiffs or any purported class is entitled to the relief requested in the Complaint.

3. IBM admits that Plaintiffs purport to bring class claims under state laws pursuant to Fed. R. Civ. P. 23 as set forth in Paragraph 3 of the Complaint, but denies that this case can be properly maintained as a class action, denies that Plaintiffs are appropriate representatives of other individuals, and denies that Plaintiffs or any purported class is entitled to the relief requested in the Complaint.

## II. AS TO "PARTIES"

4. IBM admits that its records reflect that Plaintiff Rusis, when employed by IBM, resided in Laguna Niguel, California.  IBM lacks sufficient knowledge or information to admit or deny Plaintiffs' allegations with respect to Plaintiff Rusis's current residence.  IBM further admits, on information and belief, that Plaintiff Rusis was 59 years old when he filed the Complaint.  IBM further admits that Plaintiff Rusis worked for IBM for approximately fifteen years before his separation but avers that its records reflect that Plaintiff Rusis's separation was effective June 30, 2018.

5.  IBM admits that its records reflect that Plaintiff Gerrits, when employed by IBM, resided in Cary, North Carolina. IBM lacks sufficient knowledge or information to admit or deny Plaintiffs' allegations with respect to Plaintiff Gerrits's current residence. IBM further admits, on information and belief, that Plaintiff Gerrits was 67 years old when he filed the Complaint. IBM further admits that Plaintiff Gerrits worked for IBM for approximately thirty-three years before his separation but avers that its records reflect that Plaintiff Gerrits's separation was effective June 30, 2018.

6.  IBM admits that its records reflect that Plaintiff McGonegal, when employed by IBM, resided in Atlanta, Georgia. IBM lacks sufficient knowledge or information to admit or deny Plaintiffs' allegations with respect to Plaintiff McGonegal's current residence. IBM further admits, on information and belief, that Plaintiff McGonegal was 55 years old when he filed the Complaint. IBM further admits that Plaintiff McGonegal worked for IBM for approximately thirty-four years before he voluntarily elected to participate in a transition to retirement program and separated effective June 30, 2018.

7.  IBM admits that its records reflect that Plaintiff Eng, when employed by IBM, resided in New Jersey. IBM lacks sufficient knowledge or information to admit or deny Plaintiffs' allegations with respect to Plaintiff Eng's current residence. IBM further admits, on information and belief, that Plaintiff Eng was 56 years old when he filed the Complaint. IBM avers that Plaintiff Eng's most recent hire date was September 28, 2013 and avers that its records reflect that Plaintiff Eng's separation was effective March 30, 2018.

8.  IBM admits that Plaintiffs purport to represent a class of individuals as set forth in Paragraph 8 of the Complaint, but denies that this case can be properly maintained as a collective action, denies that Plaintiffs are appropriate representatives of other individuals, and denies that Plaintiffs or any purported class is entitled to the relief requested in the Complaint.

9. IBM admits that Plaintiff Rusis purports to represent a class of individuals as set forth in Paragraph 9 of the Complaint, but denies that this case can be properly maintained as a class action, denies that Plaintiff Rusis is an appropriate representative of other individuals, and denies that Plaintiffs or any purported class is entitled to the relief requested in the Complaint.

10. IBM admits that Plaintiff Gerrits purports to represent a class of individuals as set forth in Paragraph 10 of the Complaint, but denies that this case can be properly maintained as a class action, denies that Plaintiff Gerrits is an appropriate representative of other individuals, and denies that Plaintiffs or any purported class is entitled to the relief requested in the Complaint.

11. IBM admits that Plaintiff Eng purports to represent a class of individuals as set forth in Paragraph 11 of the Complaint, but denies that this case can be properly maintained as a class action, denies that Plaintiff Eng is an appropriate representative of other individuals, and denies that Plaintiffs or any purported class is entitled to the relief requested in the Complaint.

12. IBM admits generally the allegations in Paragraph 12 of the Complaint, but clarifies that its registered entity name is "International Business Machines Corporation," and denies that Paragraph 12 provides a comprehensive or accurate representation of IBM's business or product offerings.

### III.   AS TO "JURISDICTION AND VENUE"

13. The allegations in Paragraph 13 of the Complaint state legal conclusions as to which no response is required.  To the extent any response is required, IBM denies the allegations.

14. The allegations in Paragraph 14 of the Complaint state a legal conclusion as to which no response is required.  To the extent any response is required, IBM denies the allegations.

**IV.    AS TO "STATEMENT OF FACTS"**

15.    IBM admits that Peter Gosselin and Ariana Tobin are listed as the authors of a March 2018 ProPublica article titled "Cutting 'Old Heads' at IBM," which document speaks for itself.  IBM denies all other allegations contained in Paragraph 15 of the Complaint.

16.    Paragraph 16 of the Complaint purports to quote from an article by ProPublica, which document speaks for itself.  IBM denies all other allegations contained in Paragraph 16 of the Complaint.

17.    IBM admits that IBM Business Consulting Services' Human Capital Management group, which at the time provided human resources-related consulting services to IBM business customers, published in 2006 a document titled "The Maturing Workforce, Innovation in Workforce Enablement," and admits that the document, which speaks for itself, contains the passages selectively quoted in Paragraph 17 of the Complaint.  IBM denies the remaining allegations contained in Paragraph 17 of the Complaint, including any allegation that the document was critical of older workers or suggested any age-based animus on the part of IBM toward its employees.

18.    IBM admits that it hosted a conference for customers and business partners titled "Reinvention in the Age of the Millennial" on December 10, 2014 and admits that the blog post cited by Plaintiffs in Paragraph 18 of the Complaint, which document speaks for itself, discussed the conference.  IBM denies the remaining allegations contained in Paragraph 18 of the Complaint, including any allegation that the document suggested any age-based animus on the part of IBM toward its employees.

19.    IBM admits that it refers to reductions-in-force as "Resource Actions" but otherwise denies the allegations contained in Paragraph 19 of the Complaint.

20. IBM admits that it does not seek ADEA releases from employees selected for layoff as a condition of receiving severance pay. IBM further admits that certain severance agreements include arbitration clauses. IBM denies the remaining allegations contained in Paragraph 20 of the Complaint.

21. IBM admits the allegations in Paragraph 21 of the Complaint, except that it avers that IBM used various titles to describe the positions held by Plaintiff Rusis, denies the allegations with respect to Plaintiff Rusis's qualifications for the positions to which he applied, and denies that he did not receive any response regarding any of his job applications.

22. IBM admits the allegations in Paragraph 22 of the Complaint, except that it avers that IBM used various titles to describe the position held by Plaintiff Gerrits, avers that Plaintiff Gerrits submitted applications to two positions through IBM's internal hiring platform, denies that Plaintiff Gerrits was qualified for the positions to which he applied, and denies that he did not receive any response regarding any of his job applications.

23. IBM admits the allegations in Paragraph 23 of the Complaint except that it avers that Plaintiff McGonegal was a first-line manager and denies that Plaintiff McGonegal was "let go" by IBM and avers that he elected to participate in a transition to retirement program.

24. IBM admits the allegations in the first sentence of Paragraph 24 of the Complaint and avers that IBM used various titles to describe the position held by Plaintiff Eng. IBM further admits the allegations in the second sentence of Paragraph 24. IBM denies that Plaintiff Eng attempted to find a new position through IBM's internal hiring platform and denies the remaining allegations in Paragraph 24.

25. IBM denies the allegations in Paragraph 25 of the Complaint.

V.  **AS TO "COLLECTIVE ACTION ALLEGATIONS"**

26. IBM admits that Plaintiffs purport to represent a class of individuals as set forth in Paragraph 26 of the Complaint, but denies that this case can be properly maintained as a collective action, denies that Plaintiffs are appropriate representatives of other individuals, and denies that Plaintiffs or any purported class is entitled to the relief requested in the Complaint.

27. IBM denies the allegations in Paragraph 27 of the Complaint.

## VI.   AS TO "CLASS ACTION ALLEGATIONS"

28. IBM admits that Plaintiffs purport to represent classes of individuals as set forth in Paragraph 28 of the Complaint, but denies that this case can be properly maintained as a class action, denies that Plaintiffs are appropriate representatives of other individuals, and denies that Plaintiffs or any purported class is entitled to the relief requested in the Complaint.

29. IBM denies the allegations in Paragraph 29 of the Complaint.

## VII.   AS TO "EXHAUSTION OF ADMINISTRATIVE REMEDIES"

30. IBM admits that its records reflect that it was served with charge notices as to certain Plaintiffs more than 60 days ago. The remaining allegations in Paragraph 30 state legal conclusions to which no response is required. To the extent any response is required, IBM denies the allegations.

### AS TO "COUNT I … (Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*) (On Behalf of Plaintiffs and Class)"

31. IBM incorporates by reference and restates its responses to the allegations in Paragraphs 1-30 as if fully set forth herein.

32. IBM denies the allegations in Paragraph 32 of the Complaint.

33. IBM admits that Plaintiffs purport to represent a class of individuals as set forth in Paragraph 33 of the Complaint, but denies that this case can be properly maintained as a

collective action, denies that Plaintiffs are appropriate representatives of other individuals, and denies that Plaintiffs or any purported class is entitled to the relief requested in the Complaint.

### AS TO "COUNT II … (California Fair Employment and Housing Act, Cal. Gov't Code § 12900, *et seq.*) (On Behalf of Plaintiff Rusis and a California Class)"

34. IBM incorporates by reference and restates its responses to the allegations in Paragraphs 1-33 as if fully set forth herein.

35. IBM admits that Plaintiff Rusis purports to represent a class of individuals as set forth in Paragraph 35 of the Complaint, but denies that this case can be properly maintained as a class action, denies that Plaintiff Rusis is an appropriate representative of other individuals, denies that Plaintiffs or any purported class is entitled to the relief requested in the Complaint, and denies the remaining allegations set forth in Paragraph 35 of the Complaint.

### AS TO "COUNT III … (North Carolina Employment Practices Act, N.C. Gen. Stat. Ann. §§ 143-422.1 to 143-422.3, common law wrongful discharge) (On Behalf of Plaintiff Gerrits and a North Carolina Class)"

36. IBM incorporates by reference and restates its responses to the allegations in Paragraphs 1-35 as if fully set forth herein.

37. IBM admits that Plaintiff Gerrits purports to represent a class of individuals as set forth in Paragraph 37 of the Complaint, but denies that this case can be properly maintained as a class action, denies that Plaintiff Gerrits is an appropriate representative of other individuals, denies that Plaintiffs or any purported class is entitled to the relief requested in the Complaint, and denies the remaining allegations set forth in Paragraph 37 of the Complaint.

### AS TO "COUNT IV…(New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, *et seq.*) (On Behalf of Plaintiff Eng and a New Jersey Class)"

38. IBM incorporates by reference and restates its responses to the allegations in Paragraphs 1-37 as if fully set forth herein.

39.  IBM admits that Plaintiff Eng purports to represent a class of individuals as set forth in Paragraph 39 of the Complaint, but denies that this case can be properly maintained as a class action, denies that Plaintiff Eng is an appropriate representative of other individuals, denies that Plaintiffs or any purported class is entitled to the relief requested in the Complaint, and denies the remaining allegations set forth in Paragraph 39 of the Complaint.

## AS TO "PRAYER FOR RELIEF"

IBM denies that Plaintiffs or any other individuals are entitled to the relief requested in Paragraphs 1 through 12 of the "Wherefore" section on page 14 of the Complaint, and further denies that Plaintiffs or any other person is entitled to any relief whatsoever.

IBM denies each and every allegation in the Complaint that it does not specifically admit in its Answer.

## DEFENSES

IBM asserts the following separate and independent affirmative and other defenses to the Complaint, without assuming the burden of proof where such burden is otherwise on Plaintiffs pursuant to applicable substantive or procedural law.

## FIRST DEFENSE:

Any Plaintiff or individual whom Plaintiffs seek to represent who has released some or all of his or her claims against IBM is not entitled to recovery, consistent with the terms of any such releases.

## SECOND DEFENSE:

Any Plaintiff or individual whom Plaintiffs seek to represent who has agreed to arbitrate some or all of his or her claims against IBM is not entitled to participate in this action, consistent with the terms of any such arbitration agreement.

**THIRD DEFENSE:**

Plaintiffs and the individuals they seek to represent fail, in whole or in part, to state claims upon which relief can be granted.

**FOURTH DEFENSE:**

Plaintiffs' claims and the claims of the individuals they seek to represent fail, in whole or in part, to the extent barred by the applicable statutes of limitations.

**FIFTH DEFENSE:**

Plaintiffs' claims and the claims of the individuals they seek to represent are barred, in whole or in part, to the extent that the requested relief is not available under the statutes pursuant to which Plaintiffs seek relief.

**SIXTH DEFENSE:**

Plaintiffs' claims and the claims of the individuals they seek to represent are barred, in whole or in part, by their respective failures to exhaust administrative remedies as required under the ADEA, 29 U.S.C. §621 , et seq, and/or state law.

**SEVENTH DEFENSE:**

Plaintiffs' claims and the claims of the individuals Plaintiffs seek to represent are barred, in whole or in part, to the extent any Plaintiff or such individual has failed to comply with the conditions precedent and/or judicial prerequisites to the filing of an action under the ADEA and/or state law.

**EIGHTH DEFENSE:**

To the extent that any Plaintiff or any individual whom Plaintiffs seek to represent complains about matters that were not reasonably within the scope of the charge filed by such Plaintiff or individual with the Equal Employment Opportunity Commission or a state or local agency, the Court lacks jurisdiction with respect to any such matters.

**NINTH DEFENSE:**

IBM had legitimate, non-discriminatory business reasons for any actions taken with respect to Plaintiffs and the individuals they seek to represent, and these reasons were not pretextual.

**TENTH DEFENSE:**

IBM had in place one or more policies to prevent age discrimination and made good-faith efforts to implement and enforce that policy.

**ELEVENTH DEFENSE:**

Plaintiffs' claims and the claims of the individuals Plaintiffs seek to represent are barred, or should be reduced, to the extent any of them failed to avoid harm that could have been avoided with reasonable effort. IBM at all material times had a suitable anti-discrimination policy in effect and exercised reasonable care to prevent all discrimination. Plaintiffs' claims and the claims of the individuals Plaintiffs seek to represent are barred because they unreasonably failed to take advantage of preventative and corrective opportunities provided by IBM.

**TWELFTH DEFENSE:**

IBM acted in good-faith and engaged in no willful misconduct towards Plaintiffs or the individuals they seek to represent.

**THIRTEENTH DEFENSE:**

IBM is not responsible for any conduct of its employees or agents taken outside the scope of their responsibility.

**FOURTEENTH DEFENSE:**

Plaintiffs' claims and the claims of the individuals Plaintiffs seek to represent are barred, in whole or in part, because any allegedly adverse action was based on one or more reasonable

factors other than age.

### FIFTEENTH DEFENSE:

Plaintiffs' claims and the claims of the individuals they seek to represent are barred, in whole or in part, to the extent that Plaintiffs or such individuals failed to mitigate or make reasonable efforts to mitigate their alleged damages, the entitlement to which IBM expressly denies.

### SIXTEENTH DEFENSE:

Some or all of Plaintiffs' alleged damages or the alleged damages of the individuals Plaintiffs seek to represent are speculative, inappropriate under the facts of this action, and/or unavailable as a matter of law.

### SEVENTEENTH DEFENSE:

IBM does not admit that Plaintiffs or the individuals they seek to represent are entitled to recover punitive or liquidated damages in this action.  Furthermore, any award of punitive or liquidated damages against IBM in this action would be barred to the extent that it violates the due process and equal protection provisions of the United States and applicable state Constitutions.

### EIGHTEENTH DEFENSE:

IBM is entitled to a set-off credit against Plaintiffs' alleged damages or the alleged damages of the individuals Plaintiffs seek to represent, if any, for any such amounts received from any source whatsoever with respect to the issues covered by this suit.

### NINETEENTH DEFENSE:

Plaintiffs' alleged lost wages and the alleged lost wages of the individuals Plaintiffs seek to represent are limited to the extent that IBM discovers, during the course of this case, after-acquired evidence that would have supported dismissal for reasons independent and exclusive of

those that led to their separation.

## TWENTIETH DEFENSE:

All actions taken by IBM with respect to Plaintiffs and the individuals Plaintiffs seek to represent would have taken place notwithstanding Plaintiffs' and such individuals' age.

## TWENTY-FIRST DEFENSE:

Plaintiffs and the individuals they seek to represent lack standing to seek injunctive relief because they are no longer employed by IBM.

## TWENTY-SECOND DEFENSE:

Plaintiffs' claims and the claims of the individuals Plaintiffs seek to represent for equitable or other relief are barred because Plaintiffs and such individuals have an adequate and complete remedy at law.

## TWENTY-THIRD DEFENSE:

Some or all of Plaintiffs' claims or the claims of the individuals Plaintiffs seek to represent are barred by laches.

## TWENTY-FOURTH DEFENSE:

Some or all of Plaintiffs' claims for relief or the claims of the individuals Plaintiffs seek to represent are barred because of unclean hands.

## TWENTY-FIFTH DEFENSE:

Any state law claim of Plaintiffs and the individuals Plaintiffs seek to represent fails to the extent that it is superseded or preempted by Federal law.

## TWENTY-SIXTH DEFENSE:

The claims of Plaintiffs and the individuals Plaintiffs seek to represent are barred, in whole or in part, because some or all of these individuals lack standing to seek, or are estopped from seeking, some or all of the requested relief.

### TWENTY-SEVENTH DEFENSE:

There is a misjoinder of Plaintiffs in this action, and each Plaintiff's claims should be severed and tried separately.

### TWENTY-EIGHTH DEFENSE:

Plaintiffs are not similarly situated to each other, or to the other individuals they seek to include in this action, to make appropriate treatment of this action as a class or collective action under the ADEA and/or state law.

### TWENTY-NINTH DEFENSE:

Plaintiffs are barred from bringing some or all of their claims on behalf of a class or collective action because an independent and individual analysis of the claims of each Plaintiff and each individual whom they seek to represent and each of IBM's defenses is required.

### THIRTIETH DEFENSE:

Plaintiffs are not entitled to class certification under Rule 23 of the Federal Rules of Civil Procedure because Plaintiffs cannot satisfy the requirements for bringing a class action and Plaintiffs cannot adequately represent the interests of potential class members.

### THIRTY-FIRST DEFENSE:

Plaintiffs' attempt to pursue this case as a class or collective action violates IBM's constitutional rights to due process.

IBM presently has insufficient knowledge or information as to whether it may have additional, yet unasserted defenses. IBM therefore reserves the right to assert additional defenses, including affirmative defenses, in the event discovery or further proceedings indicate such additional defenses would be appropriate.

Dated: January 18, 2019
    New York, New York

JONES DAY

By /s/   Matthew W. Lampe
Matthew W. Lampe
250 Vesey Street
New York, New York 10281
Tel: 212.326.3939
Fax: 212.755.7306
mwlampe@JonesDay.com

Alison B. Marshall
51 Louisiana Ave., N.W.
Washington, D.C. 20001
Tel: 202.879.3939
Fax: 202.626.1700
abmarshall@jonesday.com
*(pro hac vice application forthcoming)*

*Attorneys for Defendant*