# EXHIBIT F

## JAMS ARBITRATION CASE REFERENCE NO. 1110023665

**Abelar, Gregory,**
    **Claimant,**

    **and**

**International Business Machines Corp.,**
    **Respondent.**

---

### ORDER NO. 2 GRANTING IBM'S MOTION TO DISMISS

Respondent IBM's motion to dismiss Claimant Gregory Abelar's sole claim for a violation of the Age Discrimination in Employment Act, 29 U.S.C. §621 *et seq.*, on the grounds that it is barred by the IBM Arbitration Procedures was fully briefed and argued telephonically on August 14, 2019. Thomas Fowler represented Abelar. Craig Friedman and Marnie Phillips represented IBM at the hearing while Ira Handa submitted the briefing. Based on the briefs and argument, IBM's motion is GRANTED.

### FACTS

Abelar was laid off from IBM effective November 15, 2017.[1] He filed an arbitration demand on January 22, 2019. In the interim, three IBM employees filed charges with the EEOC alleging widespread violations of the ADEA. Abelar has not filed his own charge with the EEOC or expressly joined those charges.

On September 17, 2018, four IBM employees filed a Class and Collective Action Complaint against IBM in the Southern District of New York alleging company-wide violations of the ADEA and state anti-age discrimination laws and asking the court to certify classes in California, North Carolina and New Jersey.

### DISCUSSION

1. Standard

Scheduling Order No. 1 states that the FAA together with the JAMS Employment Arbitration Rules and Procedures apply and that the arbitrator will entertain motions permitted by the Federal Rules of Civil Procedure. Scheduling Order No. 1 §6. IBM brings this Motion to Dismiss under FRCP Rule 12(b)(6). Because Abelar resides in Northern California, the arbitrator will look to caselaw from the Northern District of California and the Ninth Circuit Court of Appeals for guidance.

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d

---

[1] The Demand states that Abelar was laid off from IBM effective September 2017. Arb. Demand at 3. In his Opposition and at the hearing, Abelar's counsel corrected that the termination was on November 15, 2017. IBM agreed that November 15, 2017 was the correct date.

729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, a factfinder accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). However, a factfinder need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

2. Statute of Limitations and Untimely Claim

IBM contends that when Abelar filed his arbitration demand on January 22, 2019, the statute of limitations had already expired and thus the claim was waived. The IBM Arbitration Agreement sets for the process and deadline for filing a demand:

> To initiate arbitration, you must submit a written demand for arbitration to the IBM Arbitration Coordinator no later than the expiration of the statute of limitations (deadline for filing) that the law prescribes for the claim that you are making or, if the claim is one which must first be brought before a government agency, no later than the deadline for the filing of such a claim. If the demand for arbitration is not timely submitted, the claim shall be deemed waived. The filing of a charge or complaint with a government agency … shall not substitute for or extend the time for submitting a demand for arbitration.

IBM's 1/2018 Arbitration Procedure and Collective Action Waiver at 2.

By referencing the statute of limitations as set forth in the law, the IBM Arbitration Agreement adopts the time limits set forth in the ADEA. The parties stipulated that the ADEA requires that California claimants file a pre-suit charge with the EEOC within 300 days of an unlawful practice occurring. As such, Abelar had 300 days to file his arbitration demand.

The alleged unlawful practice identified in the Demand was Abelar's termination on November 15, 2017. Abelar had until September 11, 2018 to file an arbitration demand. Abelar filed his demand on January 17, 2019, long after the 300-day deadline. As such, Abelar's demand is untimely.

Abelar argues that by requiring him to file an arbitration demand within 300 days, as opposed to just the EEOC charge, the arbitration agreement is curtailing his rights in violation of the Older Workers' Benefits Protection Act, 29 U.S.C. §626(f). Even if Abelar is correct, that is an issue to raise with a court, not in arbitration, because the IBM Arbitration Procedures expressly leave the issue of interpretation to a court. The Arbitrator has no authority to decide "[a]ny issue concerning the validity or enforceability of this Agreement…" Instead, they "shall be decided only by a court of competent jurisdiction." IBM's 1/2018 Resource Action and Separation Agreement at 2.

In Order No. 1, the Arbitrator found that Abelar's ADEA claim is enforceable. It will be up to a court to decide whether the Agreement is valid and enforceable given that it required Abelar to give up his rights to avail of the EEOC's conciliation process. *See Grayson v. K Mart Corp.*, 79 F. 3d 1086, 1102-3 (11th Cir. 1996) (one of the purposes of the EEOC charge requirement is to permit the EEOC sufficient time to engage in the conciliation process between employer and employee).

Abelar contends that he was not required to file an arbitration demand within 300-days, just that he needed to file a charge with the EEOC within that time. He further argues that the filing was excused because others had filed such charges and he was entitled to piggyback off their charges. While tempting to read it this way, the arbitration agreement requires that the arbitration demand be filed with the 300-day window. As such, whether a charge was filed and when it was filed are immaterial. Again, whether IBM's arbitration agreement impermissibly curtailed Abelar's rights and the enforceability of the agreement are issues for a court.

For these reasons, IBM's motion to dismiss is granted and the arbitration is dismissed.

Dated: August 14, 2019

/s/ Shirish Gupta
Shirish Gupta
Arbitrator

## PROOF OF SERVICE BY EMAIL & U.S. MAIL

Re: Abelar, Gregory vs. International Business Machines Corp.
Reference No. 1110023665

I, Cynthia Victory, not a party to the within action, hereby declare that on August 15, 2019, I served the attached Order No. 2 Granting IMB's Motion to Dismiss on the parties in the within action by Email and by depositing true copies thereof enclosed in sealed envelopes with postage thereon fully prepaid, in the United States Mail, at San Jose, CALIFORNIA, addressed as follows:

Shannon Liss-Riordan Esq.
Thomas P. Fowler Esq.
Michelle Cassorla Esq.
Lichten & Liss-Riordan, P.C.
729 Boylston St.
Suite 2000
Boston, MA   02116
Phone: 617-994-5800
sliss@llrlaw.com
tfowler@llrlaw.com
mcassorla@llrlaw.com
   Parties Represented:
   Gregory Abelar

Ira Handa Esq.
Jones Day
250 Vesey St.
New York, NY   10281
Phone: 212-326-3939
ihanda@jonesday.com
   Parties Represented:
   International Business Machines Corporation

Craig S. Friedman Esq.
Jones Day
1420 Peachtree St NE
Suite 800
Atlanta, GA   30309
Phone: 404-521-3939
csfriedman@jonesday.com
   Parties Represented:
   International Business Machines Corporation

Joanne R. Bush Esq.
Jones Day
717 Texas
Suite 3300
Houston, TX   77002
Phone: 832-239-3939
jrbush@jonesday.com
   Parties Represented:
   International Business Machines Corporation

Marnie Phillips Esq.
Jones Day
555 California St.
26th Floor
San Francisco, CA   94104
Phone: 415-626-3939
marniephillips@jonesday.com
   Parties Represented:
   International Business Machines Corporation

     I declare under penalty of perjury the foregoing to be true and correct. Executed at San Jose, CALIFORNIA on  August 15, 2019.

_____
Cynthia Victory
cvictory@jamsadr.com