# EXHIBIT G

JAMS ARBITRATION REF. NO. 1400017685

**WILLIAM ABT, Claimant**

v.

**INTERNATIONAL BUSINESS MACHINES CORP. (IBM), Respondent**

<b><u>ARBITRATOR'S DECISION ON RESPONDENT'S<br>MOTION TO DISMISS AS UNTIMELY</u></b>

Respondent's Motion to Dismiss as Untimely Pursuant to the Parties' Separation Agreement, together with a similar Motion to Dismiss as Untimely in William Chandler v. IBM, was argued by counsel on June 14, 2019. Counsel agreed with the Arbitrator's request that he have Monday, July 22, 2019, at 11am, to render his decision. The Arbitrator agreed to render separate decisions in each Arbitration, Abt and Chandler.

After considering the oral arguments of counsel, and reading Respondent's Motion to Dismiss as Untimely, Claimant's Opposition, Respondent's Reply Brief, Respondent's Supplemental Brief in Support, and Claimant's Response to IBM's Supplemental Brief, the Respondent's Motion to Dismiss is Allowed.

The Claimant concedes that the terms of the IBM Arbitration Procedures referenced in William Abt's Separation Agreement require that he serve a written arbitration demand on IBM within the deadline for filing an administrative charge for the claim to be arbitrated – i.e. 300 days from termination as provided in the ADEA (Age Discrimination in Employment Act), this being one of the specified "Covered Claims" in the IBM Arbitration Procedures. Claimant further concedes that his arbitration demand was submitted on January 18, 2019, which is more than 300 days following his termination from IBM on November 30, 2017. Claimant relies,

1

however, on what is called the single-filing or piggybacking rule to toll his contractual statute of limitations due to three other timely filed EEOC charges alleging similar age discrimination against the same employer on a systemic basis. Respondent concedes that the dates of the EEOC filings of the Rusis, Gerrits, and McGonegal charges alleging the systemic lay off of older employees by IBM were within 300 days of Claimant's termination. Nevertheless, for the reasons specified herein, the single-filing or piggybacking rule is inapplicable to keep Claimant's single Arbitration Demand alive and therefore it must be dismissed as Untimely.

Resolving this Motion to Dismiss presents two questions for the Arbitrator: First, is there any precedent for applying the tolling concepts of the single-filing/piggybacking rule to a Claimant who signed an arbitration agreement containing charge filing limitations, including both waiver and prohibition of late filing provisions? Second, if the single-filing/piggybacking rule does apply to the contractual arbitration provisions Claimant signed, does one of Judge Newman's three tests in Toliver apply to determine similarity in circumstance and timing of the three timely filed EEOC charges with the content of Claimant's late filed charge?

First, it is settled law that the contractual provisions of arbitration agreements are strictly enforced. Am. Express Co. v. Italian Colors Rest., 570 U.S. 228, 233 (2013). The IBM Arbitration Provisions signed by Claimant, under the title "Time Limits and Procedure for Initiating Arbitration", contain two important provisions; the first is a waiver provision stating, "If the demand for arbitration is not timely submitted, the claim shall be deemed waived." and the second is a provision prohibiting late filed claims stating, "the filing of a charge…shall not… extend the time for submitting a demand for arbitration." Ex. B. to Claimant's Arbitration Demand at 27. Arbitration being a matter of contract, the arbitration provisions that Claimant signed are binding on him and IBM alike. In my opinion, any exception for extending or tolling

2

this contractual limitations period, called the single filing or piggybacking rule, does not apply to relieve Claimant of his contractual commitments contained in the arbitration provisions of his Separation Agreement. This is particularly true when the time for filing limitation in Claimant's arbitration agreement is the exact same amount of time as the ADEA requires (300 days). Therefore, the answer to Question One is no, as there are no court decisions or arbitration awards brought to the attention of the Arbitrator applying the single-filing/piggybacking rule to toll or alter a contractual limitations period when it is the same as the statue requires and the claimant has also signed both a waiver and prohibition provision barring late filed claims. In the one arbitration award cited by Claimant, In the Matter of Arbitration Between: 2018 WL 1933357 (2018), the arbitrator uses the single-filing/piggybacking rule, but does not address arbitration provisions similar to those in Claimant's Separation Agreement when applying the rule, as they do not appear to be part of the arbitration provision of claimant's "Release Agreement".

Second, even if the single filing/piggybacking rule could apply to overcome the contractual provisions which claimant signed, which it does not, most of the cases in the federal courts which apply the single-filing or piggybacking rule do so only to allow late filing single claimants to join a timely filed multi-plaintiff or collective action. Such is not the case here when Claimant is relying on the three individually but timely filed EEOC charges of Rusis (5/10/18), Gerrits (7/2/18), and Mcgonegal (7/2/18), to keep his own Arbitration Demand alive. At the same time Claimant concedes that he has the option to join the later filed Rusis collective action, Rusis v. International Business Machines Corp., C.A. No.1:18-cv-08434 (S.D.N.Y.)(12/11/18), now pending in federal court. This collective action was filed more than 300 days after Claimant's termination.

Footnote 5 of Respondent's Reply Brief discusses various federal court decisions that utilize the single-filing or piggybacking rule to allow an exception to exhaustion requirements but do so only for piggybacking onto timely filed class, collective or multi-plaintiff cases. See Crawford v. US Steel Corp., 660 F.2d. 663, 665-666 (5th Cir. 1981) and De Medina v. Reinhardt, 686 F. 2d. 997, 1012-1013 (D.C .Cir. 1982) and others. See too, Inda v. United Airlines, 565 F.2nd 554, 559 (9th Cir. 1977) and Whalen v. W.R.Grace & Co., 56 F.3d 504.507 (3rd Cir. 1995).

Claimant's reliance on Tolliver v. Zerox Corp., 918 F. 2d. 1052 (2nd Cir. 1990) does address Question Two because Judge Newman's opinion describes at least three tests "for determining whether an administrative charge suffices to permit piggybacking by a subsequent plaintiff." – broader, "somewhat narrow", and "still narrower". Judge Newman agrees that the number, identity, and timing of the discharged employees who file late claims determine which test to apply. This he says is because of the importance of notice of similarity of claims necessary for meaningful conciliation pursuant to the EEOC statute. Ultimately he finds that the claims of the 18 late filing appellants are sufficiently similar to those of the original plaintiffs to satisfy the purposes of the notice filing requirement.

However, nothing in this opinion addresses Question One, because the circumstances of the late filing plaintiffs did not involve an arbitration agreement, particularly one containing the limitations provisions, including the waiver and prohibition of late filing clauses, signed by the Claimant and previously found determinative by this Arbitrator.

Finally, Claimant's argument that Respondent is impermissibly preventing him from vindicating federally protected rights by the limitations period in his arbitration agreement fails as well. This is because his arbitration agreement found in the IBM Arbitration Procedures

4

contains the full limitations period that follows the ADEA limitations period (300 days from termination). The fact that he committed himself contractually to arbitration rather than litigation for the resolution of any timely filed ADEA claim is now settled law. See Am. Express Co. v. Italian Colors Rest, 570 U.S. 228 (2013).

For all these reasons, Respondent's Motion to Dismiss as Untimely is Allowed.

Dated: July 19, 2019

*/s/ John C. Cratsley*
Honorable John C. Cratsley (Retired), Arbitrator

## PROOF OF SERVICE BY EMAIL & U.S. MAIL

Re: Abt, William / International Business Machines Corp.
Reference No. 1400017685

I, Jeffrey M. Poirier, not a party to the within action, hereby declare that on July 22, 2019, I served the attached Arbitrator's Decision on Respondent's Motion to Dismiss as Untimely on the parties in the within action by Email and by depositing true copies thereof enclosed in sealed envelopes with postage thereon fully prepaid, in the United States Mail, at Boston, MASSACHUSETTS, addressed as follows:

Shannon Liss-Riordan Esq.
Thomas P. Fowler Esq.
Michelle Cassorla Esq.
Lichten & Liss-Riordan, P.C.
729 Boylston St.
Suite 2000
Boston, MA   02116
Phone: 617-994-5800
sliss@llrlaw.com
tfowler@llrlaw.com
mcassorla@llrlaw.com
   Parties Represented:
   William Abt

Alison B. Marshall Esq.
Jones Day
51 Louisiana Avenue NW
Washington, DC   20001
Phone: 202-879-3939
abmarshall@jonesday.com
   Parties Represented:
   International Business Machines Corporation

Ira Handa Esq.
Jones Day
250 Vesey St.
New York, NY   10281
Phone: 212-326-3939
ihanda@jonesday.com
   Parties Represented:
   International Business Machines Corporation

Craig S. Friedman Esq.
Jones Day
1420 Peachtree St NE
Suite 800
Atlanta, GA   30309
Phone: 404-521-3939
csfriedman@jonesday.com
   Parties Represented:
   International Business Machines Corporation

Joanne R. Bush Esq.
Jones Day
717 Texas
Suite 3300
Houston, TX   77002
Phone: 832-239-3939
jrbush@jonesday.com
   Parties Represented:

International Business Machines Corporation

I declare under penalty of perjury the foregoing to be true and correct. Executed at Boston, MASSACHUSETTS on July 22, 2019.

_____
Jeffrey M. Poirier
JPoirier@jamsadr.com

# SERVICE LIST

| | | | |
|---|---|---|---|
| **Case Name:** | Abt, William vs. International Business Machines Corp. | **Hear Type:** | Arbitration |
| **Reference #:** | 1400017685 | **Case Type:** | Employment |
| **Panelist:** | Cratsley, John C., | | |

### Joanne R. Bush
Jones Day

Joanne R. Bush  
717 Texas  
Suite 3300  
Houston, TX 77002  
jrbush@jonesday.com

Respondent  
Phone: 832-239-3939  
Fax: 832-239-3600

**Party Represented:**  
International Business Machines Corporation

### Michelle Cassorla
Lichten & Liss-Riordan, P.C.

Michelle Cassorla  
729 Boylston St.  
Suite 2000  
Boston, MA 02116  
mcassorla@llrlaw.com

Claimant  
Phone: 617-994-5800  
Fax: 617-994-5801

**Party Represented:**  
William Abt

### Thomas P. Fowler
Lichten & Liss-Riordan, P.C.

Thomas P. Fowler  
729 Boylston St.  
Suite 2000  
Boston, MA 02116  
tfowler@llrlaw.com  
Assistant's Emails: kmccarty@llrlaw.com

Claimant  
Phone: 617-994-5800  
Fax: 617-994-5801

**Party Represented:**  
William Abt

### Craig S. Friedman
Jones Day

Craig S. Friedman  
1420 Peachtree St NE  
Suite 800  
Atlanta, GA 30309  
csfriedman@jonesday.com

Respondent  
Phone: 404-521-3939  
Fax: 404-581-8330

**Party Represented:**  
International Business Machines Corporation

### Ira Handa
Jones Day

Ira Handa  
250 Vesey St.  
New York, NY 10281  
ihanda@jonesday.com

Respondent  
Phone: 212-326-3939  
Fax: 212-755-7306

**Party Represented:**  
International Business Machines Corporation

### Shannon Liss-Riordan
Lichten & Liss-Riordan, P.C.

Shannon Liss-Riordan  
729 Boylston St.  
Suite 2000  
Boston, MA 02116  
sliss@llrlaw.com  
Assistant's Emails: kmccarty@llrlaw.com

Claimant  
Phone: 617-994-5800  
Fax: 617-994-5801

**Party Represented:**  
William Abt

### Alison B. Marshall
Jones Day

Alison B. Marshall  
51 Louisiana Avenue NW  
Washington, DC 20001  
abmarshall@jonesday.com

Respondent  
Phone: 202-879-3939  
Fax: 202-626-1700

**Party Represented:**  
International Business Machines Corporation