UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| EDVIN RUSIS, HENRY GERRITS, PHIL MCGONEGAL, and DAVID HO ENG, individually and on behalf of all other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORP.<br><br>Defendant | Civil Action No. 1:18-cv-08434 |

**SUPPLEMENT TO PLAINTIFFS' OPPOSITION TO IBM'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS AS TO THE ADEA CLAIMS OF PLAINTIFFS WHO FILED DEFECTIVE CHARGES OR FALL OUTSIDE THE TEMPORAL SCOPE OF THE NAMED PLAINTIFFS' ADMINISTRATIVE CHARGES**

Plaintiffs submit this brief supplement in order to bring to the Court's attention information that counsel recently became aware of, which relates to Plaintiffs' Opposition to IBM's Motion for Partial Judgment on the Pleadings as to the ADEA Claims of Plaintiffs Who Filed Defective Charges or Fall Outside the Temporal Scope of the Named Plaintiffs' Administrative Charges (Dkt. 138).[1]

In its Motion for Partial Judgment on the Pleadings (Dkt. 130), IBM argues that Opt-in Plaintiff Brian Miller could not piggyback on the EEOC charges of the Named Plaintiffs because he had submitted his own untimely EEOC charge. Specifically, IBM asserted that Mr. Miller separated from his job at IBM on July 31, 2017, but did not file his EEOC charge

---

[1] Although Plaintiffs are submitting this information after the September 25, 2020, deadline for their Opposition, the information came to counsel's attention only after that date, and thus Plaintiffs respectfully request that the Court take it into consideration.

1

until July 5, 2018, 339 days after his separation. (IBM's Brief at 10, Dkt. 130.) IBM also attached a copy of the EEOC charge at Dkt. 131-7.

Relying on Holowecki v. Fed. Exp. Corp., 44 F.3d 558, 565 (2d Cir. 2006), IBM argued that the piggybacking rule excludes anyone who has even attempted to file their own EEOC charge (even if the attempt was unsuccessful) and thus asked the Court to dismiss Opt-in Plaintiff Miller's ADEA claim. (IBM's Brief at 17-18, Dkt. 130.)

However, what happened with Mr. Miller's EEOC charge only confirms that the issues raised in IBM's motion is fact-based and not appropriate for resolution on a pre-discovery motion for judgment on the pleadings. While IBM may have believed that Mr. Miller's charge was not filed until July 5, 2018, in fact he submitted a charge on April 3, 2018, and he received confirmation of receipt of the charge by the Acting Supervisory Investigator of the EEOC's San Francisco District Office. (April 4, 2018 Charge and Confirmation Email, Exhibit A.) In the confirmation email, the EEOC Investigator stated that "By submitting this document, you have more or [less] 'locked in' your right to file." Id.

Thus, Mr. Miller's EEOC charge was filed within 300 days of the date he alleges IBM discriminated against him. Mr. Miller then received a Dismissal and Notice of Rights from the EEOC dated July 25, 2018 (attached as Exhibit B), and he opted into this case on October 11, 2018 (Dkt. 8), well within the ninety (90) day window to file a lawsuit. See Holowecki, 44 F.3d at 565. Thus, even if the Court were to find that Mr. Miller could not piggyback on to the named Plaintiffs' EEOC charges, he satisfied the administrative exhaustion requirement through his own charge.

This information demonstrates further the fact that the question of administrative exhaustion presents factual questions that are inappropriate for disposition at the motion for judgment on the pleading stage. See Novick v. Village of Wappingers Falls, New York, 376 F. Supp. 2d 318, 336 (S.D.N.Y. 2019); Nicholson v. Murphy, 2003 WL 22909876, at *6 (D. Conn. June 16, 2003). No doubt there will be further factual issues to be developed regarding issues surrounding the attempted administrative exhaustion

(and other related issues) of more of the Named and Opt-in Plaintiffs during the discovery process.

    Thus, for the foregoing reasons, and for the reasons set forth in Plaintiffs' Opposition (Dkt. 138), IBM's Motion for Partial Judgment on the Pleadings (Dkt. 130) should be denied.

Dated: October 1, 2020

    Respectfully submitted,

    EDVIN RUSIS, HENRY GERRITS, and
    PHIL MCGONEGAL, AND DAVID HO ENG on
    behalf of themselves and all others similarly
    situated,

    By their attorneys,

    /s/ Shannon Liss-Riordan
    Shannon Liss-Riordan (NY Bar No. 2971927)
    Thomas Fowler, *pro hac vice*
    LICHTEN & LISS-RIORDAN, P.C.
    729 Boylston Street, Suite 2000
    Boston, MA 02116
    (617) 994-5800
    Email: sliss@llrlaw.com, tfowler@llrlaw.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on October 1, 2020, a true and accurate copy of the foregoing document was filed via this Court's CM/ECF system.

                                          /s/ Shannon Liss-Riordan
                                          Shannon Liss-Riordan