UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDVIN RUSIS, HENRY GERRITS, PHIL MCGONEGAL, and DAVID HO ENG, individually and on behalf of all other similarly situated individuals, <br><br> Plaintiffs, <br><br> v. <br><br> INTERNATIONAL BUSINESS MACHINES CORP. <br><br> Defendant | Civil Action No. 1:18-cv-08434 |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Plaintiffs hereby move to file a proposed Second Amended Complaint, attached here as Exhibit A.[1] The proposed amendment adds several additional named plaintiffs and adds state law claims for age discrimination under Massachusetts and New York law.[2]

As explained below, Plaintiffs' request is made in good faith and will not cause undue delay or prejudice to IBM, as discovery on the merits has not begun, and limited

---

[1] A redlined version of the prior First Amended Complaint (Dkt. 11) is attached as Exhibit B.

[2] Some additional factual allegations have also been added. In its recent ruling of May 13, 2021, the Court permitted Plaintiffs to amend to add a Massachusetts state law claim (which IBM did not oppose) (Dkt. 163, at 1). The Court also ordered that any further motion to amend should be filed within 30 days of that order (which would be tomorrow, June 12, 2021). Id. Plaintiffs have provided the proposed further amended complaint to IBM, which has not yet determined whether it will consent to or oppose this motion.

1


...

discovery related to the timeliness of claims of certain plaintiffs and opt-ins has just begun.  Moreover, the addition of state law claims that mirror the federal ADEA and state law Rule 23 claims already pled does not add any different factual allegations to the case.  Instead, the proposed additional Rule 23 state law claims cover additional employees who are protected by state anti-discrimination laws and who Plaintiffs allege were victims of the same classwide scheme already alleged in this case, whereby IBM forced out older employees across the company in order to build a younger workforce.

Judicial efficiency and the remedial purpose of anti-discrimination protections favor permitting the filing of this amended complaint, so that these additional plaintiffs may pursue a remedy on behalf of the proposed collective, as well as putative statewide classes of employees, who contend they were subject to IBM's discriminatory employment practices and scheme.  There is no reason for the Court not to allow this amendment.

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely granted when justice so requires."  Grounds for a denial of a motion to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment[.]" Foman v. Davis, 371 U.S. 178, 182 (1962). "Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a court 'should freely give leave [to amend] when justice so requires.'" Gorman v. Covidien Sales, LLC, 2014 WL 7404071, at *2 (S.D.N.Y. Dec. 31, 2014) (quoting Fed. R. Civ. P. 15(a)(2)). Consistent with this liberal amendment policy,

"'[t]he rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith.'" Id. (alteration in Gorman) (quoting Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993)); see also Shipner v. E. Air Lines, Inc., 868 F.2d 401, 407 (11th Cir. 1989) ("Th[e] policy of rule 15(a) in liberally permitting amendments to facilitate determination of claims on the merits circumscribes the exercise of the district court's discretion; thus, unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial.").

## II.  BACKGROUND

Plaintiffs' Complaint in this case asserted claims under the ADEA on behalf of IBM employees contending they were subjected to a pattern and practice of systemic age discrimination at IBM.  See Dkt. 1.  Plaintiffs subsequently filed their First Amended Complaint on December 11, 2018, to add an additional named plaintiff.  See Dkt. 11.  Due to various procedural motions that the parties have filed, discovery in this matter has only just begun and no merits discovery has taken place.

The additional proposed named plaintiffs are all asserting the same pattern and practice age discrimination claims against IBM that have already been pled.  Brian Haupt and Phil Monson, who had previously opted in to the ADEA claim in the case, would now be proposed class representatives for a Massachusetts subclass asserting discrimination claims under Mass. Gen. L. c. 151B § 4.  Claudia Ziegler, who had previously opted in to the ADEA claim in the case, would now be a proposed class representative for a New York subclass asserting discrimination claims under New York Human Rights Law, N.Y. Exec. Law §§ 290 *et seq.*  John Mason, who had previously

3

opted in to the ADEA claim in the case, would now be an additional proposed class representative for a New Jersey subclass.  Each of these individuals would also be additional named plaintiffs for the ADEA claim in the case.

The proposed further amended complaint also includes Sally Gehring, who did not previously opt in to this case.  Ms. Gehring, who began working for IBM in 1976 and was laid off forty years later in 2016, was one of the fifty-eight (58) individuals whose charges were included in the EEOC's classwide investigation that led to the agency's determination finding reasonable cause to believe that IBM engaged in age discrimination against older workers, issued on August 31, 2020.  See EEOC Determination, Dkt. 138-1. She filed her charge of discrimination with the EEOC in November 2016, alleging that IBM had discriminated against her and other employees on the basis of age.  See Exhibit C (charge number for her complaint is included on the EEOC determination).  Thus, as the Court contemplated in its Opinion and Order of March 26, 2021 (Dkt. 156 at 38-41), including Ms. Gehring as a named plaintiff in this action would extend the timeliness window for ADEA opt-ins under the single filing rule back to at least January 2016.  Ms. Gehring would also serve as an additional proposed representative for the California subclass.

### III.   ARGUMENT

Plaintiffs' motion to amend should be granted raised for a number of reasons: (1) the liberal Rule 15 amendment standard warrants the granting of this motion; (2) Plaintiffs have not unreasonably delayed filing this amendment, nor is there any prejudice to IBM where the amendments concern the same core factual allegations and legal issues; (3) this Court's order dated May 13, 2021, contemplated the potential filing

of further amendments by today's date; and (4) the parties have not commenced any merits discovery and are just beginning to engage in limited discovery concerning the timeliness of certain opt-ins' claims.

Moreover, Plaintiffs who joined this case as ADEA opt-ins should be permitted to bring all of their claims based on the same underlying facts in this Court.  The Court has already permitted Plaintiffs to add a state law claim for Massachusetts (in addition to the already pled claims under California, New Jersey, and North Carolina state law), and there is no reason that claims should not likewise also be allowed under New York law. Requiring Plaintiff Ziegler to file a new case to assert her New York state claim making the same factual allegations as this case, but seeking a state law legal remedy, would be an inefficient use of party and judicial resources.[3]  Like the other state law claims already in the case (as well as the Massachusetts state law claim), the proposed additional New York state law claim, brought under the New York Human Rights Law, N.Y. Exec. Law §§ 290 *et seq*, provides the same core statutory protection as federal law, prohibiting discrimination against older workers. See Rupert v. City of Rochester, Dept. of Env. Serv., 701 F. Supp. 2d 430 (W.D.N.Y. 2010) ("Both the ADEA and the NYSHRL prohibit discrimination on the basis of age, . . . and claims under the NYSHRL

---

[3]  In addition, because Ms. Ziegler filed a timely classwide EEOC charge on or about December 21, 2020 (see Exhibit D), her serving as a named plaintiff may address some of the forward temporal scope issues IBM raised in its prior motion to dismiss. See Opinion and Order, Dkt. 156 at 66-72.  While Plaintiffs continue to maintain that the prior EEOC classwide charges filed by other named plaintiffs adequately exhausted administrative remedies for opt-ins who were laid off later, adding Ms. Ziegler as a named plaintiff would reduce some of the remaining potential disputes in this case regarding the applicable temporal scope of the plaintiffs' administrative exhaustion.

are analyzed under the same legal framework as ADEA claims.") (citing Leibowitz v. Cornell Univ., 584 F.3d 487, 498 n.1 (2d Cir. 2009)).

Courts have regularly permitted opt-in collective actions under federal law and Rule 23 class actions under cognate state claims to proceed in the same case. See, e.g., Rodolico v. Unisys Corp., 199 F.R.D. 468, 472-84 (E.D.N.Y. 2001) (conditionally certifying ADEA collective action and granting class certification pursuant to Rule 23 on NYHRSL claim); Knepper v. Rite Aid Corp., 675 F.3d 249, 258 (3d Cir. 2012); see also Montoya v. CRST Expedited, Inc., 311 F.Supp.3d. 411, 423-4 (D. Mass. 2019) (certifying FLSA collective and Rule 23 class); Walsh v. Gilbert Enter., Inc., 2019 WL 1206685, at *9 (D.R.I. 2019) (same); Torrezani v. VIP Auto Detailing, Inc., 318 F.R.D. 548, 556-8 (D. Mass. 2017) (same); Wise v. Patriot Resorts Corp., 2006 WL 6110885, at *3 (D. Mass. Feb. 15, 2006) (same).

Indeed, courts routinely decide motions for Rule 23 class certification and collective action decertification contemporaneously, since they require examination of the same facts and similar legal considerations.[4] And it is commonplace for courts to grant leave to amend complaints in federal collective actions to add state law claims that are based on the same conduct at issue in the collective action complaint. See, e.g., Goldman v. Radioshack Corp., 2003 WL 21250571, at *5 (E. D. Pa. Apr. 16, 2003) ("It is prudent to try these related claims together in the interest of judicial economy."); Fenley v. Wood Group Mustang, Inc., 2016 WL 10570260, at *8 (S.D. Ohio Nov. 21,

---

[4] See, e.g., Neff v. Flowers Foods, Inc., 2019 WL 10750005 (D. Vt. May 16, 2019) (contemporaneous decision on motion to decertify FLSA collective and motion to certify Rule 23 class); Carr v. Flowers Foods, Inc., 2019 WL 2027299, at *22 (E.D. Pa. May 7, 2019) (same); Wren v. RGIS Inventory Specialists, 256 F.R.D. 180, 213 (N.D. Cal. 2009) (same).

2016) ("It would be inefficient to deny amendment and force these plaintiffs to litigate their FLSA claims here and their state-law claims—which have the same factual basis—[elsewhere].")[5]; see also Borough of W. Mifflin v. Lancaster, 45 F.3d 780, 789 (3d Cir. 1995) ("the dictates of judicial economy" favor exercising jurisdiction over state law claims at the same time as federal law claims based on a common nucleus of facts).

Importantly, the state law claims alleged in the proposed Second Amended Complaint are based on the same core underlying facts alleged in Plaintiffs' First Amended Complaint, and, as such, will not alter the discovery needed in the case. The addition of these claims will also not cause any undue delay of the case.  Indeed, the case is still in an early stage, with discovery just getting underway. Discovery remains in the very early stages, and there are not yet any discovery deadlines that would need to be altered if Plaintiffs' request to amend is granted.

Likewise, IBM will not be unduly prejudiced by the addition of Plaintiff Gehring. As mentioned previously, Plaintiff Gehring would serve to extend the piggybacking window under the reasoning of the Court's prior order to January 2016, thus allowing a number of opt-ins to pursue their claims here, as this Court explicitly contemplated. See Opinon and Order, Dkt. 156 at 38-41.  Similarly, because Plaintiff Gehring also has a valid California state law claim, no prejudice will result from permitting her to act as a second proposed California class representative. Similarly, Plaintiff Mason would be

---

[5]   See also Kiley v. MedFirst Consulting Healthcare Staffing, Inc., Case No. 17-cv-01756 (N.D. Ala. Sept. 12, 2018) (Dkt. 147) (granting leave to amend FLSA complaint to add Rule 23 state law claims); Charlot v. Ecolab, Inc., 97 F. Supp. 3d 40, 87 (E.D.N.Y. 2015) (same); Ugas v. H & R Block Enterprises, 2010 WL 891303, at *3 (C.D. Cal. Mar. 10, 2010) (granting leave to amend to add FLSA claims to Rule 23 state law case); Ford v. Townsends of Arkansas, Inc., 2009 WL 10676544, at *7 (E.D. Ark. June 26, 2009) (granting leave to amend FLSA complaint to add Rule 23 state law claims).

added as a named Plaintiff solely to act as a second New Jersey proposed class representative. Again, because the New Jersey state law claim was already asserted in the First Amended Complaint, no prejudice would result from permitting Plaintiff Mason to act as a named plaintiff.

For the foregoing reasons, Plaintiffs' Motion for Leave to File their Proposed Second Amended Complaint should be granted.

| | |
|---|---|
| Dated: June 11, 2021 | Respectfully Submitted, |
| | EDVIN RUSIS, HENRY GERRITS, PHIL MCGONEGAL, and DAVID HO ENG, on behalf of themselves and all others similarly situated, |
| | By their attorneys, |
| | /s/ Shannon Liss-Riordan_____ |
| | Shannon Liss-Riordan (NY Bar No. 2971927)<br>Thomas Fowler, *pro hac vice*<br>Zachary Rubin (NY Bar No. 5442025)<br>LICHTEN & LISS-RIORDAN, P.C.<br>729 Boylston Street, Suite 2000<br>Boston, MA 02116<br>(617) 994-5800<br>Email:  sliss@llrlaw.com, tfowler@llrlaw.com, zrubin@llrlaw.com |

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 11, 2021, a true and accurate copy of the foregoing document was filed via this Court's CM/ECF system.

/s/ Shannon Liss-Riordan  
Shannon Liss-Riordan