# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| JONATHAN LANGLEY | § | |
| | § | |
| VS. | § | NO. A-18-CV-443-LY |
| | § | |
| INTERNATIONAL BUSINESS | § | |
| MACHINES CORPORATION | § | |

## ORDER

Before the Court is IBM's Motion to Redact (Dkt. No. 71). By the motion, IBM requests that the Court order certain portions of the transcript of a discovery hearing in this case that took place on January 17, 2019, redacted. IBM's specific request, and the basis for it are set forth here:

> During the hearing, counsel for both parties and the Court quoted from Exhibit 3 to Plaintiff's Motion to Compel Production. The Court previously ordered that, under the Confidentiality and Protective Order currently in effect, Exhibit 3 should be sealed. Accordingly, pursuant to the Court's instruction . . . IBM asks that all quotes from the sealed document be redacted from the hearing transcript. . . .

Dkt. No. 71 at 1 (docket entry citations omitted). The sequence of events mentioned require some elaboration. IBM is correct that, when the document was attached to Langley's motion to compel he requested that it be filed under seal—at IBM's request—and the Court granted that request. Dkt. Nos. 22, 24. In doing so, however, the Court made no determination on the merits of IBM's contention that the contents of the document are confidential, but rather simply took at face value IBM's assertion that they are.

The present request to redact the transcript of the hearing forces the Court to actually look more closely at the subject material. The hearing took place in an open courtroom, and the matters discussed at that hearing were public. Moreover, the exhibit itself was not disclosed at the hearing, but instead only isolated portions of the document, representing a tiny fraction of the whole, were discussed. Having reviewed these discussions in the context of the overall hearing, the Court cannot

find anything therein that merits keeping these minor mentions of the document sealed. As this Court has noted in prior cases, parties are not permitted to designate a document as confidential simply because it contains "bad facts" for its case, and there is a strong common law right of access to the proceedings in federal court . *UMG Recordings, Inc. v. Grande Comm. Networks, Inc.*, 2018 WL 4561785 at *1.

For these reasons, IBM's Motion to Redact (Dkt. No. 71) is **DENIED**, and should a transcript of the hearing on January 17, 2019, be requested, all of the transcript shall be made available without redaction.

SIGNED this 17th day of July, 2019.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE