UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDVIN RUSIS, HENRY GERRITS, PHIL MCGONEGAL, and DAVID HO ENG, individually and on behalf of all other similarly situated individuals,<br><br>        Plaintiffs,<br>   v.<br><br>INTERNATIONAL BUSINESS MACHINES CORP.<br><br>        Defendant. | 1:18-cv-08434 (VEC) |

## STIPULATION AND ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION

Discovery in this Litigation (as defined herein) is likely to involve the production of confidential, proprietary, or private information for which special protection from disclosure, and from use for any purpose other than prosecuting this Litigation, may be warranted.  Plaintiffs Edvin Rusis, Henry Gerrits, Phil McGonegal, David Ho Eng, Brian Haupt, Philip Monson, Claudia Ziegler, Sally Gehring, John Mason, all other current and future opt-ins and/or plaintiffs in the Litigation ("Plaintiffs"), and Defendant International Business Machines Corp. ("IBM") stipulate to and petition the Court to enter the following Stipulation And Order For The Production And Exchange of Confidential Information (the "Stipulation").  WHEREAS, the Court approves the following terms, and IT IS HEREBY ORDERED THAT:

1.      This Stipulation is being entered into to facilitate the production, exchange, and discovery of documents and information that merit confidential treatment.

2.      As used herein:

(a)     "Litigation" shall mean the lawsuit captioned *Rusis, et al. v. International Business Machines Corp.*, Case No. 1:18-cv-08434, that is currently pending in the United States District Court for the Southern District of New York.

(b)     "Confidential Information" shall mean information (regardless of how it is generated, stored or maintained) or tangible things that contain non-public personal information of current and/or former employees, trade secrets, proprietary business information, sensitive information, or other information that, in the good faith judgment of the party designating the material as confidential, if disclosed, would be detrimental to the conduct of that party's business, the business of any of that party's customers or clients, or personal interests.  The mere fact that the information may negatively impact a party's position in another legal proceeding does not warrant a confidentiality designation.

(c)     "Disclosure or Discovery Material" shall mean all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or in connection with discovery in this matter.

(d)     "Highly Confidential Information–Attorneys' Eyes Only" shall mean extremely sensitive Confidential Information, the disclosure of which to another party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

(e)     "Producing Party" shall mean the parties to this Litigation or any third-parties producing "Confidential Information" or "Highly Confidential Information—Attorneys' Eyes Only," or the party asserting the confidentiality designation, as the case may be.

(f)     "Receiving Party" shall mean the party to this Litigation or any non-party receiving or possessing "Confidential Information" or "Highly Confidential Information–Attorneys' Eyes Only."

3.     <u>Designation of Confidential Information</u>:  Either party may designate Disclosure or Discovery Material that the party reasonably believes should be subject to the terms of this Stipulation as Confidential Information or Highly Confidential Information–Attorneys' Eyes Only.  Designation in conformity with this Stipulation may be made as follows:

(a)     For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions), by affixing, at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," to the first page of each document that contains protected material or by any other reasonable means of giving notice of the party's intent to claim protected status of the document in question.

(b)     For deposition testimony or exhibits offered in a deposition, by notifying opposing counsel on the record during, or at the conclusion of, the deposition that the information provided is considered Confidential or Highly Confidential—Attorneys Eyes Only and that the transcript (or portions thereof) shall be subject to the provisions of this Stipulation; in addition, designation may be made by notifying all counsel in writing of those portions to be treated as such at any time up to thirty (30) days after the final transcript is received by counsel for the party making the designation.  Prior to the expiration of such thirty (30) day period, or until a designation is made by counsel, if such a designation is made in a shorter period of time, all deposition testimony shall be treated as Confidential Information unless counsel indicates that it shall be treated as Highly Confidential—Attorneys Eyes Only during this period.

(c)      For information produced in other forms, by affixing in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" or by any other reasonable means of providing notice of the designations.

4.       Procedure for Raising Disagreement With Designation:  In the event a party challenges another party's designation of Confidential Information or Highly Confidential Information–Attorneys' Eyes Only, within three (3) business days of such a challenge being raised, counsel for the Producing Party shall make a good faith effort to resolve the dispute on an informal basis.  If the parties' dispute regarding the objection cannot be resolved by agreement, the party contending that material should be Confidential Information or Highly Confidential Information–Attorneys' Eyes Only may request a ruling from the Court, and, in this event, counsel for parties shall cooperate in jointly requesting a teleconference with the Court pursuant to Local Rule 37.2 and Rule 3(B) of Judge Valerie Caproni's Individual Practices in Civil Cases ("Individual Practices").  The documents or information that are the subject of the Confidential or Highly Confidential—Attorneys' Eyes Only designation shall remain treated as such, under the protection of this Stipulation, pending the Court's decision resulting from the teleconference.  Acceptance by the Receiving Party of material designated as Confidential or Highly Confidential—Attorneys Eyes Only shall not constitute a concession that any such discovery material is appropriately designated.  All discovery material designated as Confidential or Highly Confidential—Attorneys Eyes Only by a Producing Party will be treated as Confidential or Highly Confidential—Attorneys Eyes Only, unless such designation is changed by mutual agreement of the parties or Court order.

5.       Limited Use of Confidential Information:  Any information designated as Confidential Information shall be used by the Receiving Party and its counsel for purposes of this

Litigation only and for no other purpose.  Nothing herein shall prevent counsel for the Receiving Party from seeking the production of documents from the Producing Party in other proceedings regardless of whether the Producing Party designated them as confidential in this matter.  Except with the prior written consent of the Producing Party or by order of the Court, or under the exception as stated in paragraph 10 hereof, Confidential Information shall not be furnished, shown, or disclosed to any person or entity except to:

(a)     Plaintiffs, so long as disclosure is reasonably necessary for purposes of this Litigation and Plaintiffs agree to comply with and be bound by the terms of this Stipulation;

(b)     officers, directors, agents, and employees (including in-house counsel) of IBM whom IBM believes in good faith to have a need to review such documents or information;

(c)     counsel of record for the parties in this Litigation and the legal, clerical, paralegal, or other staff of such counsel;

(d)     expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert services in connection with this Litigation or to give testimony with respect to the subject matter of this Litigation at the hearing of this Litigation or other proceeding herein, provided, however, that such Confidential Information is furnished, shown, or disclosed in accordance with paragraph 7 hereof;

(e)     the author, recipient or custodian of a document or any other person who otherwise possessed or knew the information contained in the document;

(f)     the Court;

(g)     an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical, or other personnel of such officer, if furnished, shown, or disclosed in accordance with paragraph 9 hereof;

(h)      Witnesses at proceedings in this Litigation and/or deposition witnesses of this Litigation, if furnished, shown, or disclosed in accordance with paragraphs 8 and 9, respectively, hereof;

(i)      any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

(j)      any other person agreed to in writing by the parties.

6.      <u>Limited Use of Highly Confidential Information—Attorneys' Eyes Only</u>:  Any information designated as Highly Confidential Information– Attorneys' Eyes Only shall only be used by the Receiving Party for purposes of this Litigation, and for no other purposes.  Nothing herein shall prevent counsel for the Receiving Party from seeking the production of documents from the Producing Party in other proceedings regardless of whether the Producing Party designated them as Highly Confidential Information—Attorneys' Eyes Only in this matter.  Except with the prior written consent of the Producing Party or by order of the Court, or under the exception as stated in paragraph 10 hereof, Highly Confidential Information—Attorneys' Eyes Only shall not be furnished, shown, or disclosed to any person or entity except to:

(a)      counsel of record for the parties in this Litigation and the legal, clerical, paralegal, or other staff of such counsel;

(b)      expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert services in connection with this Litigation or to give testimony with respect to the subject matter of this Litigation at the hearing of this Litigation or other proceeding herein, provided, however, that such Highly Confidential Information – Attorneys' Eyes Only is furnished, shown, or disclosed in accordance with paragraph 7 hereof;

(c)      the Court;

(d)      an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical, or other personnel of such officer, if furnished, shown, or disclosed in accordance with paragraph 9 hereof;

(e)      Litigation hearing and deposition witnesses, if furnished, shown, or disclosed in accordance with paragraphs 8 and 9, respectively, hereof;

(f)      any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

(g)      any other person agreed to in writing by the parties.

7.      Disclosure to Expert Witnesses of Confidential Information and Highly Confidential Information—Attorneys' Eyes Only:   Before any disclosure of Confidential Information or Highly Confidential Information–Attorneys' Eyes Only is made to an expert witness or consultant pursuant to paragraphs 5 or 6 of this Stipulation, counsel for the Receiving Party shall obtain the expert's written agreement, in the form of **Exhibit A** attached hereto, to comply with and be bound by its terms.  Counsel for the Receiving Party obtaining said agreement shall supply a copy to counsel for the other party upon request, except that any agreement signed by an expert or consultant who is not expected to be called as a witness at any hearing or trial is not required to be supplied.

8.      Disclosure at Litigation Proceedings of Confidential Information or Highly Confidential Information—Attorneys' Eyes Only:  Should the need arise for any of the parties to disclose Confidential Information or Highly Confidential Information–Attorneys' Eyes Only during any proceedings in this Litigation before the Court, including through argument or the presentation of evidence, such party may do so only after taking such steps as the Court, upon motion of the party that asserts the information is Confidential or Highly Confidential-Attorneys'

Eyes Only, shall deem necessary to preserve the confidentiality of such Confidential Information or Highly Confidential Information–Attorneys' Eyes Only information.

9.    Use at Deposition of Confidential Information and Highly Confidential Information—Attorneys' Eyes Only:  This Stipulation shall not preclude counsel for the parties from using during any deposition in this Litigation any documents or information which have been designated as Confidential Information under the terms hereof.  Highly Confidential Information–Attorneys' Eyes Only information may be shown to a deponent during a deposition only if the deponent is (i) an individual who, by virtue of his or her position at IBM, is or was eligible to access to the Highly Confidential Information–Attorneys' Eyes Only information, (ii) an individual identified on the face of in the Highly Confidential Information–Attorneys' Eyes Only information as the author, addressee, or copy recipient of such information, (iii) an individual, although not identified as the author, addressee, or copy recipient of such information, who has, in the ordinary course of their job at IBM, seen such Highly Confidential Information–Attorneys' Eyes Only information, or (iv) an individual who the parties agree, or a court orders, should otherwise be permitted to view the information.  Documents or information designated as Highly Confidential-Attorneys' Eyes Only shall only be disclosed to individuals other than those in paragraph 6 by agreement of the parties or by an order from the Court.  Any deposition witness and any court reporter who is given access to Confidential Information or Highly Confidential Information–Attorneys' Eyes Only shall, prior thereto, be provided with a copy of this Stipulation and shall execute the agreement attached hereto as **Exhibit A**.  Counsel for the party obtaining the agreement shall supply a copy to counsel for the other party.

10.    Non-Party Subpoena or Order: Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information or Highly Confidential

Information–Attorneys' Eyes Only if otherwise required by law or pursuant to a valid subpoena. In the event of service upon a Receiving Party or the Receiving Party's agents or attorneys of a subpoena or other request for documents or information that have been designated as Confidential or Highly Confidential—Attorneys' Eyes Only, the Receiving Party (or Receiving Party's agents or attorneys) shall, as soon as practicable, but no later than 3 business days, notify the Producing Party of the subpoena, and the Receiving Party shall not respond to any subpoena for ten (10) days following service of the subpoena or, if the Producing Party notifies the Receiving Party within such ten (10) days that it is challenging the subpoena, until such challenge is finally ruled upon. Nothing herein shall prevent counsel for the Receiving Party from seeking the production of documents from the Producing Party in other proceedings regardless of whether the Producing Party designated them as Confidential Information or Highly Confidential Information—Attorneys' Eyes Only in this matter.

11.     Designation of Information Produced by Non-Party:  A party may designate as Confidential Information or Highly Confidential Information–Attorneys' Eyes Only, subject to this Stipulation, any document, information, or deposition testimony produced or given by any non-party to this case, or any portion thereof.  In the case of documents, designation shall be made by notifying all counsel in writing of those documents to be stamped and treated as such at any time up to thirty (30) days after actual receipt of copies of those documents by counsel for the party asserting confidentiality. A party may dispute a designation of information as Confidential Information or Highly Confidential Information – Attorneys' Eyes Only consistent with the Procedure for Raising Disagreement With Designation articulated in Section 4.

12.     Inadvertent Failure to Designate Information:  An inadvertent failure to designate qualified information or items does not, standing alone, waive the Producing Party's right to make

a confidentiality designation under this Stipulation for such material.   Any document or information that may contain Confidential Information or Highly Confidential Information–Attorneys' Eyes Only that has been inadvertently produced without identification as to its confidential nature may be so designated by the party asserting confidentiality by written notice to the undersigned counsel for the Receiving Party identifying the document or information as "Confidential Information" or "Highly Confidential Information–Attorneys' Eyes Only" within a reasonable time following the discovery that the document or information has been produced without such designation.

13.   <u>Extracts and Summaries of Confidential Information or Highly Confidential Information–Attorneys' Eyes Only</u>:   Extracts and summaries of Confidential Information or Highly Confidential Information–Attorneys' Eyes Only shall also be treated in accordance with the provisions of this Stipulation.

14.   <u>Public Filing</u>: A Receiving Party in receipt of materials designated by another party as Confidential Information or Highly Confidential Information–Attorneys' Eyes Only shall not file such materials in the public record unless the Producing Party agrees that the Confidential Information or Highly Confidential Information–Attorneys' Eyes Only material can be filed in the public record.   To the extent the Producing Party does not agree that the Confidential Information or Highly Confidential Information–Attorneys' Eyes Only materials may be filed in the public record, the Receiving Party must file the materials under seal pursuant to the procedures set forth in Section 6 of the U.S. District Court for the Southern District of New York Electronic Case Filing Rules & Instructions ("ECF Rules") and Rule 5 of Judge Caproni's Individual Practices.   The portions of any pleadings, motion papers or other papers that contain summaries or quotations of any Confidential Information or Highly Confidential Information–Attorneys' Eyes Only materials

shall also be filed under seal in accordance with this Court's ECF Rules, Section 6, and Judge Caproni's Individual Practices, Section 5.  It shall be the obligation of the party seeking to maintain the confidentiality of the materials to file papers in support of the request to seal the materials in accordance with Section 5.B.iii.b. of Judge Caproni's Individual Practices. The Parties agree to redact all information identified by Fed. R. Civ. P. 5.2(a), in accordance with Judge Caproni's Individual Practices, Section 5, from any document filed in the public record.  The parties also agree, and by entering this Stipulation, the Court authorizes the parties, to redact all personal and unique identifiers including former and current non-party IBM employees or job applicants' names, serial numbers, candidate reference numbers, email addresses, home addresses, and phone numbers, from any document filed in the public record.  In the event that documents are filed under seal, the party seeking to maintain the confidentiality of the materials will comply with the Local Rules and Judge Caproni's Individual Practices concerning filing the appropriate supporting documents to submit materials under seal.

15.     No Waiver of Right to Object to Production or Disclosure of Information:  The production or disclosure of Confidential Information or Highly Confidential Information–Attorneys' Eyes Only shall in no way constitute a waiver of each party's right to object to the production or disclosure of other information in this action or in any other action.

16.     No Prejudice to Seek Modification of Stipulation:  This Stipulation is entered into without prejudice to the right of either party to seek relief from, or modification of, this Stipulation or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under the applicable law.

17.     <u>Stipulation Is Binding After Conclusion of Litigation</u>:  This Stipulation and its provisions shall, absent prior written consent of both parties, continue to be binding after the conclusion of this Litigation.

18.     <u>No Waiver of Privilege</u>:  Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure or a concession as to the nature of the confidentiality of the documents.

19.     <u>No Waiver of Privilege or Protection / Inadvertent Production of Privileged and Protected Information</u>:  Nothing herein shall require disclosure of information that is protected from discovery by the attorney-client privilege, work product immunity, as an attorney-client communication, or other privilege or immunity.  In accordance with FED. R. EVID. 502(d), the production of privileged or work-product protected documents or electronically stored information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this Litigation or in any other proceeding.  This shall be interpreted to provide the maximum protection allowed by FED. R. EVID. 502(d).  If a Producing Party becomes aware that it has inadvertently produced information or materials that are protected by the attorney-client privilege, work product immunity, or other privilege or immunity, the Producing Party should promptly notify each Receiving Party in writing of the inadvertent production.  Once a Receiving Party receives notice in writing of the inadvertent production, it shall make reasonable efforts to gather copies of the information and materials that were distributed to others and shall return all copies of such inadvertently produced material within three (3) business days of receiving such notice.  Any notes or summaries referring or relating to any such inadvertently produced material subject to claim of privilege or immunity shall be destroyed forthwith.  Nothing herein shall

prevent the Receiving Party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege designation by submitting a challenge to the Court. The Producing Party bears the burden of establishing the privileged or otherwise protected nature of any inadvertently produced information or materials.  Each Receiving Party shall refrain from distributing or otherwise using the inadvertently disclosed information or materials for any purpose until the discoverability of the materials is agreed by the parties or resolved by the Court. Notwithstanding the foregoing, a Receiving Party may use the inadvertently produced information or materials solely to respond to a motion by the Producing Party seeking return or destruction of such information or materials.  If a Receiving Party becomes aware that it is in receipt of information or materials that it knows or reasonably should know are privileged, counsel for the Receiving Party shall immediately take reasonable steps to (i) stop reading such information or materials, (ii) notify counsel for the Producing Party of such information or materials, (iii) collect all copies of such information or materials, (iv) return such information or materials to the Producing Party, and (v) otherwise comport themselves with the applicable rules of professional conduct.

20.     <u>Disposition of Confidential Information and Highly Confidential Information– Attorneys' Eyes Only</u>:  Insofar as the provisions of this Stipulation, or any other protective orders entered in this Litigation, restrict the communication and use of the information protected by it, such provisions shall continue to be binding after the conclusion of this Litigation. Within 30 days of entry of judgment in this case, the parties shall meet and confer and submit a proposal for the disposition of the Confidential Information and Highly Confidential Information– Attorneys' Eyes Only covered by this Stipulation.

21.    <u>Amendment of Stipulation</u>: This Stipulation may be changed by further order of the Court, and is without prejudice to the rights of a party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

So Stipulated agreed:

**LICHTEN & LISS-RIORDAN, P.C**
Attorney for Plaintiffs

**JONES DAY**
Attorney for Defendant

By:  /s/ _____

Shannon Liss-Riordan
Thomas Fowler
729 Boylston Street, Suite 2000
Boston, MA 02116

By:  /s/ _____

Matthew W. Lampe
250 Vesey Street
New York, New York 10281

Alison Marshall
51 Louisiana Avenue, N.W.
Washington, DC 20001

Dated: _____ 2021

Dated: _____ 2021

SO ORDERED.

Dated: ____August 6,____ 2021

_____
Honorable Sarah L. Cave
United States District Judge

14

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| EDVIN RUSIS, HENRY GERRITS, PHIL MCGONEGAL, and DAVID HO ENG, individually and on behalf of all other similarly situated individuals,<br><br>          Plaintiffs,<br><br>   v.<br><br>     INTERNATIONAL BUSINESS MACHINES CORP.<br><br><br>         Defendant. | **1:18-cv-08434 (VEC)** |

## <u>AGREEMENT TO BE BOUND BY STIPULATION AND ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION</u>

I, _____, state that:

    1.    My address is _____.

    2.    My present employer is _____.

    3.    My present occupation or job description is _____.

    4.    I have received a copy of the Stipulation and Order for the Production and Exchange of Confidential Information (the "Stipulation") entered in the above-entitled action on _____ (date).

    5.    I have carefully read and understand the provisions of the Stipulation.

    6.    I will comply with all of the provisions of the Stipulation.

7.      I will hold in confidence, will not disclose to anyone not qualified under the Stipulation, and will use only for purposes of this action, any Confidential Information or Highly Confidential Information–Attorneys' Eyes Only that is disclosed to me.

8.      I will return all Confidential Information or Highly Confidential Information–Attorneys' Eyes Only that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Information or Highly Confidential Information–Attorneys' Eyes Only.

9.      I hereby submit to the jurisdiction of this Court the purpose of enforcement of the Stipulation in this action.


Dated: _____          _____