UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

EDVIN RUSIS, HENRY GERRITS, PHIL
MCGONEGAL, and DAVID HO ENG,
*individually and on behalf of all other similarly
situated individuals*,

                               Plaintiffs,

                 -against-

INTERNATIONAL BUSINESS
MACHINES CORP.,

                               Defendant.

------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/22/21

18-CV-8434 (VEC)

ORDER

**VALERIE CAPRONI, United States District Judge:**

WHEREAS on September 21, 2021, the Court held a conference with both parties to resolve discovery disputes;

WHEREAS during that conference, the parties presented four issues for resolution: (1) whether Defendant must turn over since-closed complaints that were filed by other individuals from 2012 until the time of the filing of this case; (2) whether Defendant must turn over job applications filed by Opt-in Plaintiffs *after* those Plaintiffs left the company given the scope of the complaint; (3) whether Defendant must search outside its internal portal, specifically within Plaintiffs' IBM emails, for informal job applications made by Opt-in Plaintiffs prior to their termination; and (4) whether Defendant must turn over various materials that might be relevant to determining whether the few Opt-in Plaintiffs who signed ADEA waivers should have been provided OWVPA notices; and

WHEREAS during that conference, the parties indicated that they would continue to meet and confer in good faith with respect to the third issue of searching for informal job applications from Opt-in Plaintiffs made outside of Defendant's internal portal;

IT IS HEREBY ORDERED that the parties shall continue to resolve the third issue amongst themselves.

IT IS FURTHER ORDERED that, for the reasons stated on the record at the September 21, 2021 hearing, with respect to the fourth issue, Defendant need produce only the materials proposed regarding the Opt-in Plaintiffs who signed ADEA waivers (*i.e.*, communications from first- and second-line supervisors regarding the termination).  If that production gives rise to a factual basis for Plaintiffs to argue that the termination of those employees was, in fact, part of a larger layoff that would give rise to an obligation to provide OWVPA notices, then Plaintiffs can revisit this issue.

IT IS FURTHER ORDERED that, with respect to the remaining two discovery disputes, Defendant is ordered to file a memorandum in opposition to Plaintiff's request of no more than 10 pages double-spaced by **Wednesday, September 29, 2021**.  Plaintiff's response is due no later than **October 6, 2021**.  Defendant's reply, of no more than 5 pages double-spaced, is due no later than **October 13, 2021**.

IT IS FURTHER ORDERED that the original deadline for parties' completion of the first phase of discovery of September 30, 2021 is adjourned to **October 28, 2021**.

IT IS FURTHER ORDERED that the parties must appear for a conference on **October 29, 2021, at 11 a.m.**  At the conference, the Court will discuss anticipated motions.  The Court will also discuss the second phase of discovery and whether discovery may proceed during the pendency of any motions or whether phase two discovery shall be stayed pending decision on the

parties' motions.  Not later than **October 22, 2021**, the parties must file a joint letter which includes a brief description of the status of phase one discovery, including any additional discovery that remains outstanding, and the parties' updated proposal concerning motions' briefing schedules and phase two of discovery.

**SO ORDERED.**

Date:  September 22, 2021
      New York, New York

                                           **VALERIE CAPRONI**
                                           **United States District Judge**