UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/10/21
```

------------------------------------------------------------X

EDVIN RUSIS, HENRY GERRITS, PHIL       :
MCGONEGAL, and DAVID HO ENG,           :
*individually and on behalf of all other similarly*  :
*situated individuals*,                :
                         Plaintiffs,   :
                                       :
                                       :
             -against-                 :
                                       :
INTERNATIONAL BUSINESS                 :
MACHINES CORP.,                        :
                                       :
                         Defendant.    :
------------------------------------------------------------X

                    18-CV-8434 (VEC)

                        ORDER

VALERIE CAPRONI, United States District Judge:

   WHEREAS on September 22, 2021, the Court held a teleconference after the parties

informed the Court of a discovery dispute, *see* Dkt. 191;

   WHEREAS at that teleconference, the Court ordered the parties to submit briefing on two

issues: (1) whether Defendant should be compelled to produce age discrimination charges and

complaints dating back to 2012 that were not encompassed by the EEOC investigation that is

relevant to this litigation and that had not resulted in litigation that was pending at the time this

lawsuit was filed; and (2) whether Defendant should be compelled to produce post-termination

job applications from Plaintiffs, *see id.*;

   WHEREAS the parties submitted briefing on their respective positions, *see* Dkts. 192,

194, 197; and

   WHEREAS a conference was held on December 10, 2021, to resolve the dispute;

   IT IS HEREBY ORDERED that, for the reasons stated on the record at the December 10,

2021 conference, Plaintiffs' requests for production are DENIED.  Although the Court is

denying both production requests, any applications made by Opt-In Plaintiffs on IBM's internal hiring platform must be produced.  Additionally, if Plaintiffs are correct that former employees who have been separated from IBM are nevertheless permitted to use IBM's internal hiring platform, *see* Pls. Opp. at 8, Dkt. 194, then any applications from a separated employee submitted via the internal platform must also be produced.

IT IS FURTHER ORDERED that Second-Phase Discovery shall begin 14 days after the Court rules on Defendant's non-merits summary judgment motions and shall be completed by nine months thereafter.  As already agreed between the parties, discovery may proceed in the meantime as to the 26 opt-ins that the parties agree will remain in the case regardless of the outcome of the Court's opinion on the pending motions.  The parties must meet and confer about any other additional discovery that is appropriate within the scope of those individuals' cases.

IT IS FURTHER ORDERED that the parties shall comply with the other deadlines requested in the parties' October 22, 2021 letter, *see* Dkt. 199.


**SO ORDERED.**

Date:  **December 10, 2021**                                      **VALERIE CAPRONI**
       **New York, New York**                              **United States District Judge**