# LICHTEN & LISS-RIORDAN, P.C.

HAROLD L. LICHTEN×
SHANNON LISS-RIORDAN×∆◊
SARAH SCHALMAN-BERGEN■
MATTHEW W. THOMSON×
ADELAIDE H. PAGANO×

THOMAS P. FOWLER×◊
OLENA SAVYTSKA×
ANNE KRAMER×∆
MICHELLE CASSORLA×^☼
ZACHARY RUBIN×◊^♦
ANASTASIA DOHERTY×
MATTHEW PATTON×
KRYSTEN CONNON^■
MATTHEW CARRIERI×
BENJAMIN J. WEBER×□ OF COUNSEL

ATTORNEYS AT LAW

729 BOYLSTON STREET, SUITE 2000
BOSTON, MASSACHUSETTS 02116

TELEPHONE  617-994-5800
FACSIMILE  617-994-5801

WWW.LLRLAW.COM

× ADMITTED IN MASSACHUSETTS
∆ ADMITTED IN CALIFORNIA
◊ ADMITTED IN NEW YORK
■ ADMITTED IN PENNSYLVANIA
^ ADMITTED IN NEW JERSEY
♦ ADMITTED IN CONNECTICUT
☼ ADMITTED IN DISTRICT OF COLUMBIA
□ ADMITTED IN TENNESSEE

**MEMO ENDORSED**

March 1, 2022

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  3/2/22

**VIA ECF**

The Honorable Valerie E. Caproni
United States District Judge
United States District Court for the
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, New York 10007

    Re:    **Rusis et al v. International Business Machines Corp.**
             **Civil Action No. 1:18-cv-08434**
             **Plaintiffs' Letter Motion for Leave to File Under Seal Their Opposition to Respondent IBM's Procedural Motion for Summary Judgment as to Opt-Ins Asserting Constructive Discharge or Pretextual For-Cause Termination Claims**

Dear Judge Caproni:

    Pursuant to Your Honor's Individual Practice 5(B)(ii), Plaintiffs hereby move for leave to file under seal their:

    (1) Opposition to Respondent IBM's Procedural Motion for Summary Judgment as to Opt-Ins Asserting Constructive Discharge or Pretextual For-Cause Termination Claims (Dkt. 215);

    (2) Plaintiffs' Local Rule 56.1 Responses to IBM's Statement of Material Facts and Statement of Additional Material Facts in Opposition to IBM's Procedural Motion for Summary Judgment as to Opt-Ins Asserting Constructive Discharge or Pretextual For-Cause Termination Claims;

# LICHTEN & LISS-RIORDAN, P.C.

(3) The accompanying Declaration of Shannon Liss-Riordan with all exhibits.

In their Opposition, Plaintiffs refer to documents and information that Respondent IBM has designated as "Confidential". While Plaintiffs do not agree that this information should remain under seal considering the presumption of access discussed by the Second Circuit in <u>Lugosch v. Pyramid Co. of Onandaga</u>, 435 F.3d 110, 119-20 (2d Cir. 2006), IBM has not agreed to de-designate this information. Accordingly, Plaintiffs respectfully request that the Court allow them initially to file their Opposition and accompanying documents under seal, in order to allow the Parties an opportunity to further confer as to which portions of the briefing and exhibits must be filed under seal or with limited redactions, and which portions can be filed on the public docket.

Respectfully submitted,

/s/ Shannon Liss-Riordan
Shannon Liss-Riordan
LICHTEN & LISS-RIORDAN, P.C.
Attorneys for Plaintiffs

---

Application GRANTED. Defendant must identify by filing a sealed letter on the docket what information, if any, should be redacted from Plaintiff's filings in opposition to the two relevant motions described in Plaintiff's letters at Dockets 235 and 239 not later than **Friday, March 4, 2022**. Defendant is advised that, given the strong presumption of access elucidated in *Lugosch v. Pyramid Co. of Onandaga*, 435 F.3d 110, 119-20 (2d Cir. 2006), the Court imposes a high burden for allowing redactions on the public docket.

SO ORDERED.

*[signature: Valerie Caproni]*    3/2/22

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE