UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

| | |
|---|---|
| EDVIN RUSIS, HENRY GERRITS, PHIL MCGONEGAL, and DAVID HO ENG, *individually and on behalf of all other similarly situated individuals*, | : : : : |
| Plaintiffs, | : : |
| -against- | : : : |
| INTERNATIONAL BUSINESS MACHINES CORP., | : : : |
| Defendant. | : |

------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __7/6/22__

18-CV-8434 (VEC)

MEMORANDUM
OPINION AND ORDER

VALERIE CAPRONI, United States District Judge:

     This is a putative collective action against Plaintiffs' former employer, International Business Machines Corp. ("IBM"), alleging violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* Second Am. Compl. ("SAC"), Dkt. 180 ¶¶ 1, 26–27. Plaintiffs allege that, since 2012, IBM has laid off or otherwise forced its older workers out of the company in a systematic effort to replace them with younger employees. *Id.* ¶ 22. IBM has moved for summary judgment as to individuals who joined the lawsuit despite filing their own untimely charges or filing timely charges but untimely lawsuits; individuals whose claims accrued more than 300 or 180 days before the charge that sets the rearward scope of the case; and individuals whose claims accrued after July 10, 2018, which IBM contends the Court should set as the forward scope of the case. Not. of Mot., Dkt. 207. For the reasons that follow, IBM's motion is GRANTED in part and DENIED in part.

**BACKGROUND**

The Court assumes familiarity with the facts of the case, which were outlined in the Court's opinion on IBM's motions for judgment on the pleadings dated March 26, 2021.  *See Rusis v. Int'l Bus. Machines Corp.*, 529 F. Supp. 3d 178, 188–91 (S.D.N.Y. 2021).  In brief, Named and Opt-In Plaintiffs are former IBM employees who separated from the company at age forty or older and who allege that their terminations or separations violated the ADEA because they were part of a company-wide effort to oust older employees from IBM.  SAC ¶¶ 22–29.  Plaintiffs allege that IBM pursued this goal in several ways, such as by: engaging in mass layoffs known as "Resource Actions"; terminating older employees for pretextual reasons; and constructively discharging older employees.  *Id.* ¶ 28.

IBM has filed three motions for non-merits summary judgment, *see* Nots. of Mot., Dkts. 207, 215, 222, two of which the Court has already decided, *see generally* Op. & Order, Dkt. 266; Op. & Order, Dkt. 267.  This opinion deals only with IBM's motion as to Named and Opt-In Plaintiffs whose claims IBM alleges are untimely.

**DISCUSSION**

**I.     Legal Standard**

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  *Scott v. Harris*, 550 U.S. 372, 380 (2007) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986)).  To defeat summary judgment, the nonmoving party must come forward with "specific facts showing that there is a genuine

issue for trial." *Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 169 (2d Cir. 2006) (quoting Fed. R. Civ. P. 56(e)) (amended 2007).  A party may not "rely on mere conclusory allegations nor speculation, but instead must offer some hard evidence showing that [his] version of the events is not wholly fanciful." *D'Amico v. City of New York*, 132 F.3d 145, 149 (2d Cir. 1998).  Summary judgment cannot be defeated by the presentation of "but a 'scintilla of evidence' supporting [plaintiffs'] claim." *Fincher v. Depository Tr. & Clearing Corp.*, 604 F.3d 712, 726 (2d Cir. 2010) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).

On a motion for summary judgment, courts "construe the facts in the light most favorable to the non-moving party and [] resolve all ambiguities and draw all reasonable inferences against the movant." *Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 167 (2d Cir. 2014) (per curiam) (internal quotation marks and citation omitted).  A district court is not, however, under any "obligation to engage in an exhaustive search of the record" when considering a motion for summary judgment.  *Jones v. Goord*, 435 F. Supp. 2d 221, 259 (S.D.N.Y. 2006) (citing *Amnesty Am. v. Town of W. Hartford*, 288 F.3d 467, 470–71 (2d Cir. 2002)).

As the Court discussed in in prior opinions in this case, pursuant to the "single filing rule," individuals who failed to comply with the administrative requirements to bring an ADEA claim can nevertheless join an existing lawsuit, "so long as the matter complained of [by the non-filer] was within the scope of [a] previously filed charge," *Tolliver v. Xerox Corp.*, 918 F.2d 1052, 1057 (2d Cir. 1990) (quoting 43 Fed. Reg. 138, 139 (1983)).  An individual who has not filed an administrative charge may piggyback onto a claim that is "reasonably related" to the conduct the person who is seeking to piggyback is asserting.  *Butts v. N.Y.C. Dep't of Hous. Pres. & Dev.*, 990 F.2d 1397, 1403 (2d Cir. 1993), *superseded by statute on other grounds*, Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1071; *see also Holtz v. Rockefeller & Co.*,

258 F.3d 62, 83 (2d Cir. 2001).  That exception, however, does not apply to individuals who

filed a charge with the Equal Employment Opportunity Commission ("EEOC").  *Holowecki v.*

*Fed. Exp. Corp.*, 440 F.3d 558, 564 (2d Cir. 2006) ("*Holowecki II*") ("An individual who has

previously filed an EEOC charge cannot piggyback onto someone else's EEOC charge.").  The

single filing rule also includes temporal limitations.  *Snell v. Suffolk County*, 782 F.2d 1094,

1100 (2d Cir. 1986) ("[N]on-filing plaintiffs may join in the action if their individual

claims 'aris[e] out of similar discriminatory treatment in the same time frame.'") (citation

omitted).

## II.    IBM Is Entitled to Summary Judgment as to the Claims of All Untimely Charge-Filers Except One

IBM first argues that the claims of Opt-In Plaintiffs Earl Gobin, Catherine Rodgers, Errol

Back-Cunningham, Scott Owen, and Thomas Parkin are procedurally barred because each

individual either filed an administrative charge that was untimely or failed to bring timely suit

after receiving a right-to-sue notice.  Def. Mem., Dkt. 209 at 1, 13.[1]  As a result, IBM argues,

they cannot piggyback onto any charge filed by a Named Plaintiff in this case.  *Id.*

There is no dispute that Gobin filed an EEOC charge that was untimely and that Rodgers,

Back-Cunningham, Owen, and Parkin failed timely to file lawsuits after receiving a right to sue

letter.  Def. Reply 56.1 Stmt., Dkt. 258 ¶¶ 52, 58–59, 61–62, 64–65, 67–68.  There is, however, a

question of fact whether Rodgers received the EEOC's Notice of Right to Sue.  *Id.* ¶ 57.

In its opinion on Defendant's motions for judgment on the pleadings, the Court held that

"'where the party wishing to piggyback has filed his own EEOC charge, he is bound by the

---

[1]      The Court has already granted summary judgment as to the claims of former Named Plaintiff Philip McGonegal, *see* Op. & Order, Dkt. 267 at 9, and the claims of former Opt-In Plaintiff Walter Bayerle, *see* Op. & Order, Dkt. 266 at 1–2, 11.  The Court therefore does not address the parties' arguments as to McGonegal and Bayerle in this opinion.

parameters of his own EEOC charge,' and he may not thereafter piggyback on someone else's charge." *Rusis*, 529 F. Supp. 3d at 204 (citing *Holowecki II*, 440 F.3d at 565).  The Court held that *Holowecki II* should not "be limited to its specific facts," *id.* at 203, and that its holding prevents individuals who have initiated an EEOC charge — deficiently or not — from piggybacking, *id.* at 204 (citing *Piasecki v. Shinseki*, No. 10-CV-208A, 2011 WL 2516513, at *3 (W.D.N.Y. June 23, 2011)).  The same is true for individuals who filed a charge but failed to sue within the limitations period.  *Id.*

The Court sees no reason to revisit its prior holding.  Because Gobin, Back-Cunningham, Owen, and Parkin filed their own charges, they may not piggyback on any charge filed by a Named Plaintiff in this case.  IBM's motion for summary judgment is therefore granted as to their claims.

With respect to Rodgers, however, a genuine issue of material fact prevents the Court from granting IBM's motion for summary judgment.  *See* Pls. Opp., Dkt. 249 at 22–23.  Rodgers and her prior attorney have submitted sworn declarations to the effect that they never received the EEOC's Notice of Right to Sue.  Liss-Riordan Decl., Dkt. 242-30, Ex. 30 ¶¶ 8, 10 (Rodgers attesting that she never received the Notice); *id.*, Ex. 31 ¶¶ 6–8 (Rodgers' former counsel attesting that he never received the Notice).[2]

The time to file suit turns on an individual's receipt of the EEOC's letter, and there is a presumption that a mailed EEOC notice is received three days after it is mailed.  *See Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 525 (2d Cir. 1996) (citations omitted).  That presumption is, however, rebuttable.  *Id.* at 526 (citation omitted).  Although IBM argues that blanket assertions of lack of receipt are not enough to rebut the presumption, Def. Reply, Dkt. 257 at 4 (citation

---

[2]      IBM, in contrast, has filed a sworn statement from its attorney stating that IBM received the Notice. Weisbrod Decl., Dkt. 211 ¶ 5.

omitted), it is not clear what IBM expects Rodgers to present.  In the main case relied upon by

IBM, a court in the Western District of New York held that affidavits from both the plaintiff and

plaintiff's counsel attesting that the right-to-sue letter had arrived more than three days after the

mailing date (with their copies of the letter marked with a date-of-receipt notation) created an

issue of fact precluding summary judgment relative to the date of receipt.  *Blank v. Beam Mack*

*Sales & Serv., Inc.*, No. 20-CV-06092, 2021 WL 826738, at *2–3 (W.D.N.Y. Mar. 4, 2021); *see*

*also Pointer v. Columbia Univ.*, No. 95-CV-8418, 1997 WL 86387, at *3 (S.D.N.Y. Feb. 28,

1997) ("Plaintiff's affidavit in opposition to the motion is sufficient to rebut the presumption that

she received the EEOC letter within three days of its initial mailing.").  In a circumstance in

which the claimant asserts that she *never* received the letter, nothing more than her own

attestation and her counsel's attestation could reasonably be expected to be provided as proof of

the negative.

For those reasons, IBM's motion for summary judgment is granted as to the claims of

Gobin, Back-Cunningham, Owen, and Parkin but denied as to the claim of Rodgers.

### III.   IBM Has Not Met Its Burden of Showing That, as a Matter of Law, Opt-Ins Whose Claims Accrued More than 300 or 180 Days Before the Earliest Charge in this Case Cannot Piggyback on Charges from Named Plaintiffs in Other Lawsuits

Pursuant to the ADEA, individuals are required to file a charge with the EEOC within

300 or 180 days of the date of the alleged wrongful act, depending on the state in which the

individual resides.  42 U.S.C. § 2000e-5(e)(1).  In its prior order on IBM's motions for judgment

on the pleadings, the Court set the rearward scope for piggybacking as claims that accrued either

300 or 180 days before the date on which Named Plaintiff Edvin Rusis filed his charge,

depending on the state from which the non-charge-filing Opt-In hails.  *Rusis*, 529 F. Supp. 3d at

223–25.  Defendant argues that, because Rusis' charge sets the rearward scope of the lawsuit, the

remaining thirty-three Opt-Ins whose claims accrued more than 300 or 180 days before Rusis' charge cannot opt into the case.  Def. Mem. at 18–19.[3]

Plaintiffs argue that the claim of Named Plaintiff Sally Gehring, who was added to this action after the Court set the rearward scope of the case, now sets the rearward scope of the case.  Pls. Opp. at 8–12.  They further argue that Opt-In Plaintiffs may piggyback on EEOC charges from named plaintiffs in other lawsuits ("Unrelated Named Plaintiffs").  *Id.* at 12–13.

In its most recent opinion, the Court determined that Gehring's charge could not sustain piggybacking for Opt-In Plaintiffs who are asserting constructive discharge or pretextual for-cause termination claims.  Op. & Order, Dkt. 267 at 11–12.  For the same reasons discussed in that opinion, no Opt-In Plaintiff, regardless of the nature of the claim asserted, may piggyback on Gehring's charge.  As the Court previously explained, "[o]ther than her cursory, generalized reference to a pattern of discrimination, Gehring's charge is entirely individualized and refers to multiple forms of discrimination against herself based on multiple protected statuses . . . ."  *Id.* at 12.  As a result, the Court cannot find that Gehring's charge would have put IBM on notice of a widespread practice or that "'no conciliatory purpose would [have been] served by filing separate EEOC charges,'" which are the animating principles behind the single filing rule.  *Id.* (citing *Tolliver*, 918 F.2d at 1058–59).

---

[3]   This argument pertains to Opt-Ins Keith Angell, David Biernbaum, Julie Bifano, Paul Boetig, Jonathan Bourner, Brian Catlin, Ana Dearing, Herbert Dresser, Craig Fisher, Richard Galletta, John Gray, Mark Mastel, Douglas Paul, Bridget Roberti, Robert Ruelas, William Timme, Marlene Valardo, Alzira Zollo, Sharon Artis, Charles Coleman, Melody Faeizi, James Fletcher, Humberto Lima, Jason McDaniel, Peter Orton, Mandee Ross, Steve Rubin, Erle Smith, Latonya Sturdivant, Stacy Briscoe, W. Kirk Greer, Kevin Meleski, and Robert Pinciak. Def. Reply 56.1 Stmt. ¶¶ 70–72.  Although IBM initially moved for summary judgment as to claims of fifty-seven Opt-Ins, the Court granted summary judgment as to claims of Opt-Ins Robert Bees, David Cabassa, Philip Emma, Dayle Feingold, Craig Feldhak, Michael Hamilton, Rose Kapor, Bryan Mitchell, Oscar Molina, Michael Morris, Mark Perillo, Torrey Price, Steven Richard, Rodney Sassaman, Brian Schaaff, Eric Selcov, Robert West, and Yvette Wilson in a prior opinion.  Op. & Order, Dkt. 266 at 1 n.1, 2 n.2.  Plaintiffs previously withdrew Nancy Odom and Amelia Voglino from their case in response to a separate motion.  *Id.* at 4 n.3, 9 n.9 (citations omitted).  Finally, the Court granted IBM's motion as to Back-Cunningham, Gobin, Owen, and Parkin in this opinion, and therefore need not address them here.  *See supra* Section II.

Thus, the Court finds that Opt-Ins may not piggyback on Gehring's charge; consequently, the rearward scope of the case for piggybacking purposes is unchanged based on Gehring's addition to the case.  But, for the same reasons articulated in its prior opinion, the Court also finds that IBM has not met its burden to show that, as a matter of law, Opt-In Plaintiffs cannot piggyback on charges filed by Unrelated Named Plaintiffs.  *See id.* at 13–16.  As a result, the thirty-three non-charge-filing Opt-Ins whose claims accrued more than 300 or 180 days before Rusis filed his charge remain in the case, pending any subsequent motion from IBM regarding the legality *vel non* of piggybacking on Unrelated Named Plaintiffs' charges.[4]  IBM's motion is therefore denied without prejudice to it re-raising the argument in a manner that addresses the issues identified by the Court in its prior opinion.  *See id.*

## IV.    Named Plaintiff Claudia Ziegler's Charge Sets the Forward Scope of the Case

Finally, IBM argues that the Court should set the forward scope of the case and prevent Opt-Ins whose claims accrued after the latest charge-filing original Named Plaintiff's charge was filed from joining this action.  Def. Mem. at 23–24.[5]

The Court previously declined to set the forward scope of the case pending discovery because of the possibility that discovery would reveal that the EEOC investigation underlying this case extended to individuals whose claims accrued after July 10, 2018 (the date of Named

---

[4]        Notwithstanding Plaintiffs' continued arguments to the contrary, *see* Pls. Opp. at 12, the Court has already determined that a non-charge filer can only piggyback onto a claim of an individual who commenced litigation, *Rusis*, 529 F. Supp. 3d at 209–10.

[5]        This argument pertains to Opt-Ins Hekmat Abasi, David Bastian, Anne Belt, Thomas Caldwell, Hector Campos, William Chaplin, Norman Cooledge, Deanna Curry, Vincent Daukas, Joseph Dupre, David Edley, Jefferson Fetherolf, Arleen Franceschi, Linda Gossage, James Greco, Yong Jonathan Han, Kimla Hawley, Eugene Hong, Kenneth Hribar, Ann Johnson, Steven Kauffman, Cynthia Keefer, Jean Lang, Hugh Maloney, Martin Menchaca Hernandez, Homer Moody, Ryan Mount, Danny Peterman, Andrew Popa, Ronald Ragsdale, Regina Roper, Michael Rudge, Randall Ruikka, Michael Shattuck, John Stapleton, Yvel Sylvain, Bunyan Tadlock, and Kevin Thibault.  Def. Reply 56.1 Stmt. ¶ 80.  It does not pertain to former Opt-In Plaintiff Peter Kondis, as the Court granted summary judgment to IBM as to his claims in a prior opinion.  Op. & Order, Dkt. 266 at 1 n.1.

Plaintiff Henry Gerrits' charge). *Rusis*, 529 F. Supp. 3d at 232. That decision primarily turned on the possibility that if "the EEOC was investigating IBM's Resource Actions in the period post-dating the filing of the . . . charges, there may have been little reason to require those separated as part of a Resource Action subsequent to July 2018 to file their own EEOC charge." *Id.* (citation omitted).

IBM argues that Gerrits' charge sets the forward scope of the case because discovery has not revealed a basis for extending the scope further than the year 2018. Def. Mem. at 24. Defendant additionally argues that allowing the forward scope of the case to be determined by the charges of Named Plaintiffs who were added in the Second Amended Complaint would be inappropriate, primarily because they were not original Named Plaintiffs. *Id.* at 24–25. Plaintiffs argue that the Court should not set a forward cut-off of any kind, but that, if it does, the Court should treat Named Plaintiff Claudia Ziegler's charge as the operative cut-off date. Pls. Opp. at 16–17.[6]

As an initial matter, IBM's argument as to added Named Plaintiffs is unavailing. The Court has already determined that, at least in the context of the facts of this case, Opt-Ins may piggyback on the charges of added Named Plaintiffs. Op. & Order, Dkt. 267 at 9–11. But the Court agrees with IBM that setting a forward scope is appropriate at this juncture. Although the Court declined to adopt a *per se* rule that the latest charge-filer's charge sets the forward scope of the case, it only refrained from holding that the forward scope was determined by the date of the latest charge-filer's charge to account for the possibility that discovery might reveal a more appropriate cut-off. *Rusis*, 529 F. Supp. 3d at 232. Because discovery has revealed no such

---

[6]     There is no dispute that the substance of Ziegler's charge permits piggybacking for individuals separated in Resource Actions.

thing, it is appropriate to now set the forward cut-off date as the date of the latest charge from a Named Plaintiff whose charge can sustain piggybacking.

The Court finds, therefore, that the forward cut-off is December 17, 2020, when Ziegler filed her charge. Def. Reply 56.1 Stmt. ¶ 90; Marshall Decl., Dkt. 210-10, Ex. J (Ziegler's charge).[7]

As a result, IBM's motion for summary judgment as to Opt-Ins whose claims accrued after July 10, 2018, is denied.[8]

## CONCLUSION

For the foregoing reasons, IBM's motion is GRANTED in part and DENIED in part. As was the case with the Court's prior opinion, the portion of IBM's motion pertaining to piggybacking on the claims of Unrelated Named Plaintiffs is denied without prejudice to IBM re-raising the issue. Should IBM seek to make such a motion, it must meet and confer with Plaintiffs and file a joint proposed briefing schedule not later than **July 18, 2022**.

The Clerk of Court is respectfully directed to close the open motion at Docket 207.

**SO ORDERED.**

**Date:  July 6, 2022**
**New York, NY**

_____
**VALERIE CAPRONI**
**United States District Judge**

---

[7]    Because Ziegler filed the latest charge of the added Named Plaintiffs, the Court does not address Defendant's arguments against setting the forward scope based on other added Named Plaintiffs' charges. Def. Mem. at 25, 25 n.10 (arguing the charges of added Named Plaintiffs besides Ziegler are deficient). The Court also need not delve far into Plaintiffs' arguments regarding the scope of the EEOC investigation, *see* Pls. Opp. at 16, as Plaintiffs have provided no evidence that the EEOC investigated separations that occurred after the year 2018, even if the charges were submitted on a later date. Def. Reply at 9 (citations omitted). Ziegler's charge, therefore, already expands the scope of the case beyond what the EEOC investigation of the claims of the earlier Named Plaintiffs would counsel.

[8]    Although Opt-In Plaintiff Deanna Curry's claim accrued on December 22, 2020, for the reasons the Court already provided underpinning the Court's decision not to adopt a *per se* rule setting the forward cutoff date of an ADEA opt-in-collective and the leniency required when there may be continuing violations, the Court finds it appropriate for Curry's claim to remain in the case. *See Rusis*, 529 F. Supp. 3d at 232 n.53. Therefore, IBM's motion regarding the forward scope is denied as to all Opt-Ins, including Curry.