UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RYAN MOUNT, individually and on behalf of all other similarly situated individuals,<br><br>        Plaintiff,<br>  v.<br><br>INTERNATIONAL BUSINESS MACHINES CORP.<br><br>        Defendant. | 1:18-cv-08434 |

### ANSWER TO THIRD AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

Defendant International Business Machines Corporation ("IBM"), by and through its undersigned counsel, hereby answers the Third Amended Class and Collective Action Complaint (the "Complaint") of Plaintiff Ryan Mount as follows:

1.      In response to the first sentence of Paragraph 1, IBM admits that the Plaintiff purports to bring this case as a class and collective action under the Age Discrimination in Employment Act, as amended ("ADEA"), 29 U.S.C. § 621 et seq., and/or California law.  IBM denies the remaining allegations in Paragraph 1 of the Complaint and specifically denies Plaintiff's claims of age discrimination.  The Plaintiff and putative class members are not similarly situated and left IBM under a wide variety of circumstances unrelated to age.  IBM is made up of multiple business groups, each of which has a number of business units that offer different products and services and operate in different markets.  Each business unit is impacted by unique market forces associated with the products and services offered.  To effectively compete in rapidly changing marketplaces, restructuring and hiring decisions are made by different business leaders and managers throughout the various business units.  This ensures

1

availability of high performing employees with the right skills to address the rapidly evolving marketplace and client needs.  The Plaintiff and putative class members worked across different business units and functions within IBM, over widely different time periods, and decisions affecting their employment were driven by different and independent business reasons wholly unrelated to age and implemented by management teams separate from each other.

2. IBM admits that the Plaintiff purports to represent a class of individuals as set forth in Paragraph 2 of the Complaint, but denies that this case can be properly maintained as a collective action, denies that the Plaintiff is an appropriate representative of other individuals, and denies that the Plaintiff or any purported class is entitled to the relief requested in the Complaint.

3. IBM admits that the Plaintiff purports to bring class claims under California law pursuant to Fed. R. Civ. P. 23 as set forth in Paragraph 3 of the Complaint, but denies that this case can be properly maintained as a class action, denies that the Plaintiff is an appropriate representative of other individuals, and denies that the Plaintiff or any purported class is entitled to the relief requested in the Complaint.

II. **AS TO "PARTIES"**

4. IBM admits that its records reflect that Plaintiff Mount, when employed by IBM, resided in California.  IBM lacks sufficient knowledge or information to admit or deny Plaintiff's allegations with respect to Plaintiff Mount's current residence.  IBM further admits that its records reflect that Plaintiff Mount was 54 years old when this Complaint was filed.  IBM further admits that Plaintiff Mount worked for IBM for approximately eight years before his separation but avers that its records reflect that Plaintiff Mount's separation was effective October 10, 2018.  IBM denies all other allegations contained in Paragraph 4 of the Complaint.

5. IBM admits that the Plaintiff purports to represent a class of individuals as set

forth in Paragraph 5 of the Complaint, but denies that this case can be properly maintained as a collective action, denies that the Plaintiff is an appropriate representative of other individuals, and denies that the Plaintiff or any purported class is entitled to the relief requested in the Complaint.

6. IBM admits that Plaintiff Mount purports to represent a class of individuals as set forth in Paragraph 6 of the Complaint, but denies that this case can be properly maintained as a class action, denies that Plaintiff Mount is an appropriate representative of other individuals, and denies that the Plaintiff or any purported class is entitled to the relief requested in the Complaint.

7. IBM admits generally the allegations in Paragraph 7 of the Complaint, but clarifies that its registered entity name is "International Business Machines Corporation," and denies that Paragraph 7 provides a comprehensive or accurate representation of IBM's business or product offerings.

### III. AS TO "JURISDICTION AND VENUE"

8. The allegations in Paragraph 8 of the Complaint state legal conclusions as to which no response is required. To the extent any response is required, IBM states that it does not contest this Court's federal question jurisdiction but denies the remaining allegations.

9. The allegations in Paragraph 9 of the Complaint state a legal conclusion as to which no response is required. To the extent any response is required, IBM states that it does not dispute that venue is proper in this Court but denies the remaining allegations.

### IV. AS TO "STATEMENT OF FACTS"

10. IBM denies the allegations contained in Paragraph 10 of the Complaint.

11. IBM admits that Peter Gosselin and Ariana Tobin are listed as the authors of a March 2018 ProPublica article titled "Cutting 'Old Heads' at IBM," which document speaks for

itself. IBM denies all other allegations contained in Paragraph 11 of the Complaint.

12. Paragraph 12 of the Complaint purports to quote from an article by ProPublica, which document speaks for itself. IBM denies all other allegations contained in Paragraph 12 of the Complaint.

13. IBM admits that IBM Business Consulting Services' Human Capital Management group, which at the time provided human resources-related consulting services to IBM business customers, published in 2006 a document titled "The Maturing Workforce, Innovation in Workforce Enablement," and admits that the document, which speaks for itself, contains the passages selectively quoted in Paragraph 13 of the Complaint. IBM denies the remaining allegations contained in Paragraph 13 of the Complaint, including any allegation that the document was critical of older workers or suggested any age-based animus on the part of IBM toward its employees.

14. IBM admits that it hosted a conference for customers and business partners titled "Reinvention in the Age of the Millennial" on December 10, 2014 and admits that the blog post cited by Plaintiff in Paragraph 14 of the Complaint, which document speaks for itself, discussed the conference. IBM denies the remaining allegations contained in Paragraph 14 of the Complaint, including any allegation that the document suggested any age-based animus on the part of IBM toward its employees.

15. Paragraph 15 of the Complaint purports to quote from Ms. Rometty's interview with CNBC; Ms. Rometty's statements speak for themselves. IBM lacks sufficient knowledge or information to admit or deny Plaintiff's allegations concerning quotes from other unnamed sources. IBM denies all other allegations contained in Paragraph 15 of the Complaint, including any allegation that Ms. Rometty's interview or any other sources suggested any age-based animus on the part of IBM toward its employees.

16.     IBM admits that it refers to reductions-in-force as "Resource Actions" but otherwise denies the allegations contained in Paragraph 16 of the Complaint.

17.     IBM admits that it refers to reductions-in-force as "Resource Actions" and that it encourages employees selected in Resource Actions to apply for other jobs using its internal hiring platform. IBM denies all other allegations contained in Paragraph 17 of the Complaint.

18.     IBM admits that it does not seek ADEA releases from employees selected for layoff as a condition of receiving severance pay. IBM further admits that certain severance agreements include arbitration clauses. IBM denies the remaining allegations contained in Paragraph 18 of the Complaint.

19.     IBM admits that on August 31, 2018, the Equal Employment Opportunity Commission ("EEOC") issued a Letter of Determination ("LOD") in which the EEOC examined certain individual charges of discrimination and found a reasonable cause of age discrimination limited to its investigation of those charges. Paragraph 19 purports to quote and summarize statements from the LOD, which speaks for itself. IBM denies all other allegations contained in Paragraph 19 of the Complaint.

20.     IBM admits that Plaintiff Mount began working for IBM on October 1, 2010, that he held various titles, that he was notified of his separation on July 12, 2018, and was separated from IBM effective October 10, 2018. IBM denies the remaining allegations contained in Paragraph 20 of the Complaint.

V.      **AS TO "COLLECTIVE ACTION ALLEGATIONS"**

21.     IBM admits that Plaintiff Mount purports to represent a class of individuals as set forth in Paragraph 21 of the Complaint, but denies that this case can be properly maintained as a collective action under the ADEA, denies that Plaintiff Mount is an appropriate

representative of other individuals, and denies that Plaintiff Mount or any purported class is entitled to the relief requested in the Complaint.

22. IBM denies the allegations in Paragraph 22 of the Complaint.

### VI. AS TO "CLASS ACTION ALLEGATIONS"

23. IBM admits that Plaintiff Mount purports to represent a class of individuals as set forth in Paragraph 23 of the Complaint, but denies that this case can be properly maintained as a class action, denies that Plaintiff Mount is an appropriate representative of other individuals, and denies that Plaintiff Mount or any purported class is entitled to the relief requested in the Complaint.

24. IBM denies the allegations in Paragraph 24 of the Complaint, including the allegations in a-f.

### VII. AS TO "EXHAUSTION OF ADMINISTRATIVE REMEDIES"

25. IBM admits that the EEOC investigated age discrimination charges filed by certain charging parties and that the EEOC issued a Letter of Determination on August 31, 2020, which speaks for itself. IBM denies any remaining allegations regarding the EEOC's investigation and Letter of Determination. The remaining allegations contained in Paragraph 25 state legal conclusions to which no response is required. To the extent any response is required, IBM denies the allegations.

### AS TO "COUNT I … (Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*) (On Behalf of Plaintiff and Class)"

26. IBM incorporates by reference and restates its responses to the allegations in Paragraphs 1-25 as if fully set forth herein.

27. IBM denies the allegations in Paragraph 27 of the Complaint.

28. IBM admits that Plaintiff Mount purports to represent a class of individuals as set forth in Paragraph 28 of the Complaint, but denies that this case can be properly maintained as a collective action, denies that Plaintiff Mount is an appropriate representative of other individuals, and denies that Plaintiff Mount or any purported class is entitled to the relief requested in the Complaint.

**AS TO "COUNT II … (California Fair Employment and Housing Act, Cal. Gov't Code § 12900, *et seq.*) (On Behalf of Plaintiff Mount and a California Class)"**

29. IBM incorporates by reference and restates its responses to the allegations in Paragraphs 1-28 as if fully set forth herein.

30. IBM admits that Plaintiff Mount purports to represent a class of individuals as set forth in Paragraph 30 of the Complaint, but denies that this case can be properly maintained as a class action, denies that Plaintiff Mount is an appropriate representative of other individuals, denies that Plaintiff Mount or any purported class is entitled to the relief requested in the Complaint, and denies the remaining allegations set forth in Paragraph 30 of the Complaint.

**AS TO "PRAYER FOR RELIEF"**

IBM denies that Plaintiff Mount or any other individuals are entitled to the relief requested in Paragraphs 1 through 10 of the "Wherefore" section on page 12 of the Complaint, and further denies that Plaintiff Mount or any other person is entitled to any relief whatsoever.

IBM denies each and every allegation in the Complaint that it does not specifically admit in its Answer.

**DEFENSES**

IBM asserts the following separate and independent affirmative and other defenses to the Complaint, without assuming the burden of proof where such burden is otherwise on the Plaintiff pursuant to applicable substantive or procedural law.

**FIRST DEFENSE:**

Any Plaintiff or individual whom Plaintiff seeks to represent who has released some or all of his or her claims against IBM is not entitled to recovery, consistent with the terms of any such releases.

**SECOND DEFENSE:**

Any Plaintiff or individual whom Plaintiff seeks to represent who has agreed to arbitrate some or all of his or her claims against IBM is not entitled to participate in this action, consistent with the terms of any such arbitration agreement.

**THIRD DEFENSE:**

Plaintiff Mount and the individuals he seeks to represent fail, in whole or in part, to state claims upon which relief can be granted.

**FOURTH DEFENSE:**

Plaintiff's claims and the claims of the individuals he seeks to represent fail, in whole or in part, to the extent barred by the applicable statutes of limitations.

**FIFTH DEFENSE:**

Plaintiff's claims and the claims of the individuals he seeks to represent are barred, in whole or in part, to the extent that the requested relief is not available under the statutes pursuant to which Plaintiff seeks relief.

**SIXTH DEFENSE:**

Plaintiff's claims and the claims of the individuals he seeks to represent are barred, in whole or in part, by their respective failures to exhaust administrative remedies as required under the ADEA, 29 U.S.C. §621, et seq, and/or California law.

**SEVENTH DEFENSE:**

Plaintiff's claims and the claims of the individuals Plaintiff seeks to represent are barred,

in whole or in part, to the extent any Plaintiff or such individual has failed to comply with the conditions precedent and/or judicial prerequisites to the filing of an action under the ADEA and/or California law.

### EIGHTH DEFENSE:

To the extent that Plaintiff or any individual whom Plaintiff seeks to represent complains about matters that were not reasonably within the scope of the charge filed by Plaintiff or any such individual with the Equal Employment Opportunity Commission or a state or local agency, the Court lacks jurisdiction with respect to any such matters and/or otherwise cannot proceed to adjudicate any such matters.

### NINTH DEFENSE:

IBM had legitimate, non-discriminatory business reasons for any actions taken with respect to Plaintiff and the individuals he seeks to represent, and these reasons were not pretextual.

### TENTH DEFENSE:

IBM had in place one or more policies to prevent age discrimination and made good-faith efforts to implement and enforce that policy.

### ELEVENTH DEFENSE:

Plaintiff's claims and the claims of the individuals Plaintiff seeks to represent are barred, or should be reduced, to the extent any of them failed to avoid harm that could have been avoided with reasonable effort.  IBM at all material times had a suitable anti-discrimination policy in effect and exercised reasonable care to prevent all discrimination.  Plaintiff's claims and the claims of the individuals Plaintiff seeks to represent are barred because they unreasonably failed to take advantage of preventative and corrective opportunities provided by IBM.

**TWELFTH DEFENSE:**

IBM acted in good-faith and engaged in no willful misconduct towards Plaintiff or the individuals he seeks to represent.

**THIRTEENTH DEFENSE:**

IBM is not responsible for any conduct of its employees or agents taken outside the scope of their responsibility.

**FOURTEENTH DEFENSE:**

Plaintiff's claims and the claims of the individuals Plaintiff seeks to represent are barred, in whole or in part, because any allegedly adverse action was based on one or more reasonable factors other than age.

**FIFTEENTH DEFENSE:**

Plaintiff's claims and the claims of the individuals he seeks to represent are barred, in whole or in part, to the extent that Plaintiff or such individuals failed to mitigate or make reasonable efforts to mitigate their alleged damages, the entitlement to which IBM expressly denies.

**SIXTEENTH DEFENSE:**

Some or all of Plaintiff's alleged damages or the alleged damages of the individuals Plaintiff seeks to represent are speculative, inappropriate under the facts of this action, and/or unavailable as a matter of law.

**SEVENTEENTH DEFENSE:**

Neither Plaintiff nor the individuals he seeks to represent are entitled to recover punitive or liquidated damages in this action.  Furthermore, any award of punitive or liquidated damages against IBM in this action would be barred to the extent that it violates the due process and equal protection provisions of the United States and applicable state Constitutions.

**EIGHTEENTH DEFENSE:**

IBM is entitled to a set-off credit against Plaintiff's alleged damages or the alleged damages of the individuals Plaintiff seeks to represent, if any, for any such amounts received from any source whatsoever with respect to the issues or timeframe covered by this suit.

**NINETEENTH DEFENSE:**

Plaintiff's alleged lost wages and the alleged lost wages of the individuals Plaintiff seeks to represent are limited to the extent that IBM discovers, during the course of this case, after-acquired evidence that would have supported dismissal for reasons independent and exclusive of those that led to their separation.

**TWENTIETH DEFENSE:**

All actions taken by IBM with respect to Plaintiff and the individuals Plaintiff seeks to represent would have taken place notwithstanding Plaintiff's and such individuals' age.

**TWENTY-FIRST DEFENSE:**

Plaintiff and the individuals he seeks to represent lack standing to seek injunctive relief because they are no longer employed by IBM.

**TWENTY-SECOND DEFENSE:**

Plaintiff's claims and the claims of the individuals Plaintiff seeks to represent for equitable or other relief are barred because Plaintiff and such individuals have an adequate and complete remedy at law.

**TWENTY-THIRD DEFENSE:**

Some or all of Plaintiff's claims or the claims of the individuals Plaintiff seeks to represent are barred by laches or waiver.

**TWENTY-FOURTH DEFENSE:**

Some or all of Plaintiff's claims for relief or the claims of the individuals Plaintiff seeks

to represent are barred because of unclean hands.

### TWENTY-FIFTH DEFENSE:

Any state law claim of Plaintiff and the individuals Plaintiff seeks to represent fails to the extent that it is superseded or preempted by Federal law.

### TWENTY-SIXTH DEFENSE:

The claims of Plaintiff and the individuals Plaintiff seeks to represent are barred, in whole or in part, because some or all of these individuals lack standing to seek, or are estopped from seeking, some or all of the requested relief.

### TWENTY-SEVENTH DEFENSE:

There is a misjoinder of Plaintiff and opt-ins in this action, and each Plaintiff and opt-in's claims should be severed and tried separately.

### TWENTY-EIGHTH DEFENSE:

Plaintiff is not similarly situated to the other individuals he seeks to include in this action, and thus it is inappropriate to treat this case as a class or collective action under the ADEA and/or California law.

### TWENTY-NINTH DEFENSE:

Plaintiff is barred from bringing some or all of his claims on behalf of a class or collective action because an independent and individual analysis of the claims of the Plaintiff and each individual whom he seeks to represent and each of IBM's defenses is required.

### THIRTIETH DEFENSE:

Plaintiff is not entitled to class certification under Rule 23 of the Federal Rules of Civil Procedure because Plaintiff cannot satisfy the requirements for bringing a class action and Plaintiff cannot adequately represent the interests of potential class members.

### THIRTY-FIRST DEFENSE:

Plaintiff's attempt to pursue this case as a class or collective action violates IBM's constitutional rights to due process.

### THIRTY-SECOND DEFENSE:

Any claims for punitive damages are barred, in whole or in part, because IBM did not engage in willful or intentional conduct, nor did IBM engage in any practice with malice or reckless indifference to the rights of Plaintiff or any other individuals.

### THIRTY-THIRD DEFENSE:

The claims of Plaintiff and the individuals Plaintiff seeks to represent are barred, in whole or in part, because any action taken by IBM was based on a bona fide occupational qualification.

IBM presently has insufficient knowledge or information as to whether it may have additional, yet unasserted defenses. IBM therefore reserves the right to assert additional defenses, including affirmative defenses, in the event discovery or further proceedings indicate such additional defenses would be appropriate.

Dated: August 5, 2022
New York, New York

JONES DAY

<u>/s/ Matthew W. Lampe</u>
Matthew W. Lampe
Kristina A. Yost
Ira Handa
Jones Day
250 Vesey Street
New York, NY 10281
mwlampe@jonesday.com
kyost@jonesday.com
ihanda@jonesday.com

Alison B. Marshall
JONES DAY
51 Louisiana Ave, N.W.
Washington, D.C. 20001
abmarshall@jonesday.com

*Attorneys for Defendant*
*International Business Machines Corporation*