**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RYAN MOUNT, individually and on behalf of all other similarly situated individuals, )<br><br>Plaintiff, )<br>v. )<br><br>INTERNATIONAL BUSINESS MACHINES CORP. )<br><br>Defendant. ) | Civil Action No. 1:18-cv-08434 |

## PLAINTIFFS' MOTION FOR SEPARATE AND FINAL JUDGMENT

### I.   INTRODUCTION

In three decisions issued in July 2022 (Dkts. 266, 267, and 268), the Court

entered summary judgment in IBM's favor on the claims of twenty-nine (29) Plaintiffs.

Namely, the Court entered summary judgment on the claims of ten (10) opt-in Plaintiffs

who had signed agreements containing full releases of claims under the Age

Discrimination in Employment Act ("ADEA"), 29 U.S.C. 621, *et seq.*, (Dkt. 266), fourteen

(14) opt-in Plaintiffs whom IBM contended signed arbitration agreements (Dkt. 266),

named Plaintiff Phil McGonegal, who had purportedly not submitted a timely EEOC

charge (Dkt. 267), and four (4) individuals who had either attempted to file an EEOC

charge untimely or failed to timely file a suit after receiving a right to sue letter (Dkt.

268).

Plaintiffs request that the Court enter an order of separate and final judgment as

to these individuals, pursuant to Fed. R. Civ. P. 54(b), in order to allow them to obtain

immediate appellate review of their respective summary judgment decisions. There is no just reason for delay in entering separate and final judgments, allowing them to appeal now. See Ginett v. Computer Task Group, Inc., 962 F.2d 1085, 1093 (2d Cir. 1992). Currently, there are dozens of Plaintiffs still proceeding in this matter, many of whom are poised to begin litigating the merits. The legal issues that will be presented in the appeal are distinct and separate from the legal issues concerning the Plaintiffs who proceed in the case. Allowing the Plaintiffs whose claims have been dismissed to proceed with their appeal now will alleviate any risk of a duplicative trial. Should their dismissals be reversed, they will be able to participate in a trial on the merits with the rest of the Plaintiffs in this matter. On the other hand, if they cannot appeal until after the trial has already been held, and if the Second Circuit then reverses their summary judgment decisions, the Court would likely have to hold a second trial for them that would involve much of the same evidence and the same witnesses. Such considerations weigh in favor of granting Rule 54(b) motions. See Brooks v. Help USA, 2018 WL 10758141, at *2 (E.D.N.Y. June 13, 2018).

Further weighing in favor of permitting these Plaintiffs to appeal their summary judgment decisions is the fact that this case has been pending for nearly four years. Considering that the Plaintiffs who remain in the case have not even started merits discovery, it could easily be two years or more until the case has been resolved. The dismissed Plaintiffs should not have to wait that long to advance their appeal. See Advanced Magnetics, Inc. v. Bayfront Partners, Inc., 106 F.3d 11, 16 (2d Cir. 1997). In light of this already long-running litigation, the equities weigh in favor of the Court entering separate and final judgment for these individuals under Rule 54(b).

II.      **PROCEDURAL BACKGROUND**

Plaintiffs filed this case on September 17, 2018, asserting claims under the ADEA, as well as the laws of various states, on behalf of IBM employees contending they were subjected to a pattern and practice of systemic age discrimination at IBM. See Dkt. 1.

After the parties engaged in discovery with respect to several procedural defenses that IBM had raised, IBM submitted three non-merits summary judgment motions on December 21, 2021 (Dkts. 209, 217, and 224).

On May 24, 2022, the Court issued an order granting summary judgment (Dkt. 266) to IBM with respect to a group of opt-in plaintiffs who had signed agreements that contained full releases[1] and a group of opt-in plaintiffs whom IBM asserted signed arbitration agreements.[2]

The Court issued its second summary judgment decision on July 3, 2022 (Dkt. 267), in which the Court issued judgment as to named Plaintiff Phil McGonegal because his claim was untimely. The Court also held that forty-four (44) opt-in Plaintiffs who pursued claims of constructive discharge or pretextual for-cause termination as opposed to layoff in a resource action could not piggyback on the named Plaintiffs' charges. See Memorandum Opinion and Order at 13, Dkt. 267. However, the Court declined to grant judgment against those opt-in Plaintiffs, because they may be able to

---

[1]      These individuals are Anne Bellew, Steven Black, Demostenes Gonzales, Mark Grill, Peter Kondis, Walter Bayerle, Phillip Emma, Rose Kapor, Brian Schaaff, and Eric Selcov.

[2]      These individuals are Robert Bees, David Cabassa, Dayle Feingold, Craig Feldhak, Michael Hamilton, Bryan Mitchell, Oscar Molina, Michael Morris, Mark Perillo, Torrey Price, Steven Richard, Rodney Sassaman, Robert West, and Yvette Wilson.

piggyback on the charges of plaintiffs who filed other lawsuits. See id. at 13-16. The Court granted leave to IBM to file an additional non-merits motion for summary judgment on this limited issue. See id. at 15-16.

The Court issued its third summary judgment decision on July 6, 2022 (Dkt. 268). In this decision, the Court issued summary judgment as to four individuals who had "either filed an administrative charge that was untimely or failed to bring timely suit after receiving a right-to-sue notice." See Memorandum Opinion and Order at 4, Dkt. 268.[3] The Court declined to grant summary judgment as to Catherine Rodgers, who had filed an administrative charge but had never received a copy of the EEOC's Notice of Right to Sue. See id. at 5-6. Additionally, the Court held that a number of opt-in Plaintiffs whose claims had accrued prior to either 300 or 180 days before named Plaintiff Edvin Rusis had filed his EEOC charge could not piggyback on the charge of named Plaintiff Sally Gehring, which was filed in 2016. See id. at 6-8. Again, however, the Court declined to grant judgment as to those opt-in Plaintiffs, as may be able to piggyback on EEOC charges filed by plaintiffs in other lawsuits. See id. at 8. The Court granted leave to IBM to file an additional non-merits motion for summary judgment on this limited issue. See id. Finally, the Court set the forward scope of the case for piggybacking purposes as December 17, 2020, the date that named Plaintiff Claudia Ziegler filed her EEOC charge. See id. at 8-10.

## III.   ARGUMENT

When multiple parties are involved in the same action, Fed. R. Civ. P. 54(b)

---

[3]      These individuals are Earl Gobin, Errol Back-Cunningham, Scott Owen, and Thomas Parkin.

allows for an entry of partial final judgment with respect to some of the claims in the action "upon an express determination that there is no just reason for delay." Fed. R. Civ. P. 54(b). Rule 54(b) "expressly contemplates the entry of 'partial' final judgments, leaving the decision to 'finalize' the judgment to the broad discretion of the district court. . . ." Ginett, 962 F.2d at 1093. The purpose of Rule 54(b) is to ease the "harshness" that can arise in lengthy and complex civil actions, which create a "danger of hardship and denial of justice through delay if each claim [has] to await the determination of all claims as to all parties before a final judgment [can] be entered." Id. (citing Dickinson v. Petroleum Conversion Corp., 338 U.S. 507, 511 (1950)).

In determining whether the entry of separate and final judgment is appropriate, the Second Circuit has developed a three-factor test: "(1) there are multiple claims or parties, (2) at least one of the claims or the rights and liabilities of at least one party has been finally determined, and (3) there is no just reason for delay." Grand River Enterprises Six Nations, Ltd. v. Pryor, 425 F.3d 158, 164-65 (2d Cir. 2005). The "proper guiding star . . . is 'the interest of sound judicial administration.'" Ginett, 962 F.2d at 1095 (quoting Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 8 (1980)). In making this consideration, "courts must be mindful of 'the purposes and policies behind the distinct and separate claims requirement of Rule 54(b), namely the desire to avoid redundant review of multiple appeals based on the same underlying facts and similar issues of law.'" Hayward v. IBI Armored Servs., Inc., 2019 WL 2477791, at *3 (E.D.N.Y. June 13, 2019)). Courts must also balance the equities involved, specifically whether "postponing appeal until after a final judgment . . . will cause unusual hardship or work an injustice." Hogan v. Consol. Rail Corp., 961 F.2d 1021, 1026 (2d Cir. 1992)). "The

Second Circuit has repeatedly held that delay would be unjust if it leads to 'an expensive and duplicative trial' that would be avoided if 'a dismissed claim were reversed in time to be tried with the other claims.'" Brooks, 2018 WL 10758141, at *2 (quoting Cullen v. Margiotta, 11 F.2d 698, 711 (2d Cir. 1987); citing Advanced Magnetics, Inc., 106 F.3d at 16; Hunt v. Mobil Oil Corp., 550 F.2d 68, 70 (2d Cir. 1977)).

Here, the Court should enter separate and final judgment with respect to the individuals on whose claims the court granted summary judgment in Dkts. 266, 267, and 268. The first two factors are clearly met here, as this is a collective action with dozens of Plaintiffs, and the Court has granted summary judgment to IBM on the claims of twenty-nine (29) of those individuals (Dkts. 266, 267, and 268). See Grand River Enterprises, 425 F.3d at 164-65. While all the ADEA claims of all of the Plaintiffs in this case "share a factual nexus," they are nevertheless "separate and distinct." See Brooks, 2018 WL 10758141, at *1.

The third factor, whether there is just reason for delay, also weighs in favor of granting Plaintiffs' Rule 54(b) motion. See Grand River Enterprises, 425 F.3d at 164-65. The issues that would be before the Second Circuit on appeal – including the enforceability of the ADEA releases that had been signed by various opt-in Plaintiffs, the ability of IBM to compel arbitration where it cannot produce signed arbitration agreements, the timeliness of Plaintiff McGonegal's EEOC charge, and the timeliness of the claims of opt-in Plaintiffs Gobin, Back-Cunningham, Parkin, and Owen – would be distinct from the issues remaining in this case. See Nodelman v. Gruner & Jahr USA Pub., 2000 WL 502858, at *11 (S.D.N.Y. April 26, 2000) ("Here, plaintiff's ADEA claim is separable from his other claims, since it presents at least some factual and legal

questions that are distinct from the remaining claims before the court."). At the same time, requiring the dismissed Plaintiffs to wait until the entire case has been resolved to appeal their judgments would result in an unjust delay, because it would raise a substantial risk of a duplicative unnecessary trial.

As the Court knows, this case was brought as a collective action under the ADEA. Dozens of other plaintiffs remain in the case and many will soon proceed to the merits of the litigation.[4] The Court should permit the dismissed Plaintiffs to immediately appeal their summary judgment decisions so that their appeal can be decided prior to any trial on the merits. Although this case has been pending since 2018, it is still in its early stages as litigation on the merits is just now poised to begin. By allowing the dismissed Plaintiffs to appeal immediately, the Court could avoid a duplicate trial if the decisions are reversed prior to the trial on the remaining Plaintiffs' claims. This case is similar to Brooks, in which the Court reasoned:

> Although the Plaintiffs' claims are legally distinct, they are factually similar and involve the same defendants, many of the same witnesses, and a similar paper record. . . . Expediting the appeal benefits both parties by potentially avoiding the expense and delay of a duplicate trial and/or limiting unnecessary discovery. Delaying the appeal poses a danger of hardship and injustice . . . .

Brooks, 2018 WL 10758141, at *2.

Further weighing in favor of allowing an immediate appeal is the fact that this case has been pending for nearly four (4) years, and it could easily be two or more years until the merits of the case have been determined. Merits discovery has not even begun for the Plaintiffs who remain in the case. The Second Circuit has held that there

---

[4]     Indeed, IBM no longer has any pending "procedural" defenses as to at least twenty-six (26) individuals.

is "danger of hardship or injustice through delay" where "a plaintiff might be prejudiced by a delay in receiving a monetary award." Advanced Magnetics, Inc., 106 F.3d at 16. See also Ginett, 962 F.2d at 1097 (affirming district court's decision that "further delay would work an undue hardship on" a plaintiff "who was fired three years ago and has yet to receive any of the severance pay to which he was entitled."); In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig., 2022 WL 2803352, at *6 (E.D.N.Y. July 18, 2022) ("Given how long these claims have been pending and the 'large amount of money involved,' the Court concludes that the equities weigh in favor of Rule 54(b) certification."). Additionally, given the fact that this is an age discrimination case, there is the risk that some of these individuals may not live through the course of the litigation.[5] One opt-in Plaintiff has already passed away during the pendency of this case. See Suggestion of Death, Dkt. 189. The interests of justice would not be served by forcing these individuals to wait another year or more to appeal their dismissals.

## IV.   CONCLUSION

For the foregoing reasons, the Court should enter separate and final judgment as to the Plaintiffs against whose claims the Court granted summary judgment in Dkts. 266, 267, and 268.[6]

---

[5]   With respect to Plaintiff McGonegal's claim, proceeding with his appeal now may ultimately allow other individuals to piggyback on his EEOC charge (should his dismissal be reversed). See Memorandum Opinion and Order at 13, Dkt. 267.

[6]   These individuals are Phil McGonegal, Anne Bellew, Steven Black, Demostenes Gonzales, Mark Grill, Peter Kondis, Walter Bayerle, Phillip Emma, Rose Kapor, Brian Schaaff, Eric Selcov, Robert Bees, David Cabassa, Dayle Feingold, Craig Feldhak, Michael Hamilton, Bryan Mitchell, Oscar Molina, Michael Morris, Mark Perillo, Torrey Price, Steven Richard, Rodney Sassaman, Robert West, Yvette Wilson, Earl Gobin, Errol Back-Cunningham, Scott Owen, and Thomas Parkin.

Respectfully Submitted,

RYAN MOUNT on behalf of himself and all others similarly situated,

By his attorneys,

/s/ Shannon Liss-Riordan
Shannon Liss-Riordan (NY Bar No. 2971927)
Thomas Fowler, *pro hac vice*
Zachary Rubin (NY Bar No. 5442025)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Email:  sliss@llrlaw.com, tfowler@llrlaw.com, zrubin@llrlaw.com

Dated:        August 18, 2022

## CERTIFICATE OF SERVICE

I, Shannon Liss-Riordan, hereby certify that a true and accurate copy of the foregoing document was served on all counsel of record for Defendant in this matter by electronic mail on August 18, 2022

/s/ Shannon Liss-Riordan
Shannon Liss-Riordan